JAMES M. MATLOW v. ROBERT E. COX.

A party who has recovered a judgment in the District Court, after electing to cause it to be enforced against the opposite party, and to have it satisfied by process of law, cannot prosecute a writ of error to have the proceedings in the cause reviewed by the Supreme Court. He cannot treat the judgment as both right and wrong, and avail himself of the advantages of such a position.

ERROR from Anderson. Tried below before Hon. C. A. Frazer. The facts, so far as they need be stated, appear from the opinion.

*John E. Cravens*, for the plaintiff in error.

*Howell*, for the defendant in error.

*Moore & Walker*, also for the defendant in error.—A writ of error will not lie to a judgment upon which an execution has issued and a levy made on property for which a forthcoming or delivery bond has been given and forfeited; because this is a satisfaction of the judgment. (Phillips *et al.* v. Wills, Pease & Co., 14 Ark., (Barb.) 595; Dougherty v. McDonald, id. 597; Stewart v. Fauqua, Walker, 175; Corwell v. Lewis, id. 251; Davis v. Dixen, 1 How, (Miss.) 64; Keith v. Patton, 1 A. K. Marshall, 17; Harrison v. Wilson, id. 871; Lusk v. Ramsey, 3 Mumf., 417.)

The judgment after the forfeiture of the forthcoming bond is no longer in existence. "A writ of error will not lie to it," and it can not be amended. (Burns Ex'r. v. Stanton, 2 S. and M., 457.)

An execution issued on the original judgment, after a forthcoming bond has been taken, is a nullity. (King v. Terry, 6 How., (Miss.) 513.)

A writ of error will not lie to reverse a judgment, after a forthcoming bond has been taken and forfeited, and this, though the judgment had been rendered by default against a party not served. (Sanders v. McDowell's adm'x., 4 How., (Miss.) 9.)

" The return on an execution that the debt is paid, and under

our statute that it is replevied, in every case where, as in this case, the right of replevy is not questioned, satisfies and discharges it. By the return, both parties are concluded, and it is that which regularly and usually extinguishes the force of the judgment." (Schober v. Dedman, 2 Littell, 116.)

It is a well settled doctrine of the common law, that by a levy to the amount of the execution the defendant is discharged, and the creditor has no remedy but against the sheriff; the execution is held to have performed its function, and to be completely at an end, and the judgment to be satisfied. (Bank of the United States v. Panton, *et al.*, 5 How., (Miss.) 237.)

That a defendant, it is true, may have a writ of error after execution against him, because the payment of the judgment by him is not voluntary, and he cannot therefore be held to have lost his right to the writ; but we can find no case where the plaintiff can take the writ to cancel his own judgment after he has had a voluntary satisfaction of it. And while we can find the law fully settled as to the effect of a reversal at the instance of the defendant below after execution, (2 Tidd. Practice, 1186,) we can find nothing in the elementary books or reports which provides such a contingency when a plaintiff has prosecuted a writ of error upon a judgment in his favor, after having sued out execution and satisfaction.

Held, that a party might reverse a judgment in his favor which was unsatisfied. (Hale v. Crowell, 2 Florida, 534; 11 U. S. Dig., p. 190, sec. 10.)

"The suing out of a *fieri facias*, and the collection of the costs upon a judgment in ejectment, is inconsistent with the prosecution of a writ of error by the same party, which, under such circumstances, will be dismissed on motion of the defendant in error." (Smith v. Jack, 2 Watts and Serg., 101.)

"A party who has recovered a judgment in the Court of Common Pleas, and received the amount of it from the defendant, will not be permitted to reverse the judgment on a writ of error." (Laughlin v. Peebles, 1 Penn., (Penrose and Watts) 114.)

ROBERTS, J.—The plaintiff brought suit upon a note for one

thousand two hundred and fifty-seven dollars. Defendant pleaded a set-off of one thousand dollars. A verdict was returned and judgment was rendered for two hundred and fifty-seven dollars and interest in favor of plaintiff. The plaintiff made a motion for a new trial, which being overruled, he gave notice of appeal to the Supreme Court. A bill of exceptions and statement of facts were prepared, signed, and filed in the cause. No appeal bond being given, execution was regularly issued for the amount recovered, and costs of suit. This execution was returned satisfied in full by the sheriff, with the receipt of plaintiff's attorney thereon endorsed as follows: "Received of T. L. Pinson, dep. sheriff, three hundred and eight 85-100 dollars in full for principal, interest and jury fee in this case."

About two months afterwards, (two years from the date of the judgment not still having elapsed,) plaintiff filed a petition, gave bond, and procured to be issued a citation, in error, assigned errors, and brought the transcript into this court, and here asks a revision of the matters litigated in the court below, as set forth in the bill of exceptions, statement of facts, and otherwise apparent upon the record, and a reversal of the judgment rendered in the cause, in which the defendant's set-off had been allowed.

The defendant moves to dismiss the writ of error, because the "plaintiff had caused the execution to be issued on the judgment recovered by him in the court below, and the same, together with interest and cost, was collected previous to suing out the writ of error."

The record shows that the plaintiff caused his judgment to be fully satisfied, and the liability of defendant thereon extinguished before he sued out his writ of error. He has thereby elected his remedy, and must abide by it. He recognized it as a valid subsisting and final judgment, and enforced it as such by final process; and has realized the benefits of it as a final judgment. He has treated the matter as at an end; and with this, the suing out the writ of error to re-open the litigation is entirely inconsistent. It is an effort to use the court in the attainment of his object by piecemeal, by first adopting its judgment as right, and then repudiating it as wrong, and to avail himself of the advantages of its

being both right and wrong. The court should not be placed in the attitude of subserving such a purpose; nor would.it be fair dealing towards the opposite party to permit it. Therefore the writ of error must be dismissed. (Laughlin v. Peebles, 1 Penn. Rep., (Penrose and Watts) 114; Smith v. Jack, 2 Watts and Serg. Rep., 101.)

Writ of error dismissed.