## THE STATE v. WESTFALL AND MATHEWS.

Appeal: WAIVER OF RIGHT IN CRIMINAL CASE. By voluntary payment of a fine adjudged against him in a criminal case the defendant waives his right to appeal therefrom.

*Appeal from Montgomery District Court.*

THURSDAY, DECEMBER 11.

THE defendants were indicted for the crime of establishing a lottery and selling and offering for sale lottery tickets. They were duly arraigned and each filed his plea of guilty, whereupon the court imposed upon each a fine of sixty dollars and costs, and ordered that they be committed to jail until the same be paid or secured. On the same day the defendants paid the judgment. Afterward, and on the same day, they filed their motion in arrest of judgment as follows:

"And now come the defendants in the above-entitled case, by W. P. Hepburn, their attorney, and move the court to set aside the findings of the court, and to order that no judgment be entered against them, and that they be discharged from arrest, for the following reasons:

"1. Because no offense is charged against defendants that is punishable by indictment.

"2. The record shows that no legal judgment can be pronounced against defendants because the district court has no original jurisdiction over the offense named in the indictment.

"3. Because the court has no jurisdiction in this cause, and no right to render judgment against the defendants."

On the next day the motion was overruled. Defendants appeal.

*Hepburn & Scott* for the appellants.

*M. E. Cutts*, attorney-general, and *Will T. Laughlin*, district attorney, 3d district, for the State.

DAY, J. — The attorney-general makes the point that the defendants have waived their right to be heard upon appeal, by satisfying the judgments entered against them. The position, we think, is well taken.

Courts, aside from the exceptional case of an appeal taken under the statute by the State, do not determine mere abstract questions. If the judgment in this case had been one of imprisonment, and the defendants had served out the period of imprisonment, it seems clear that they could not afterward prosecute an appeal from the judgment, for the reason that they could derive no benefit from a reversal.

By voluntarily paying a fine imposed upon them they stand in the same relation to the law as they would have done if they had served their period of imprisonment. All that can be said for them is that they have paid money in mistake of their legal rights. If the money need not have been paid they have clearly made a mistake of law. If, upon this appeal, the judgment should be reversed, they could not recover it, and hence they could derive no benefit from the appeal.

The judgment of the court, upon appeal, would determine a mere abstraction.

Besides, it is inconsistent to yield a voluntary obedience to a judgment of a court, and afterward appeal therefrom. The cases cited by appellants, *State* v. *Tate*, 22 Iowa, 140; *State* v. *Potter*, 28 id. 558; *State* v. *Hufford*, id. 396, do not sustain their position.

The defendant in a criminal case, as well as in a civil case, must prosecute his appeal in the manner prescribed by law. It would not be claimed that a criminal could appeal without serving the notices prescribed in section 4907 of the Revision, nor that he could appeal after the expiration of the time limited in the statute. The law fully protects his rights; but to that end he must avail himself of the provisions of the law, in the manner which the law points out.

The appeal is

Dismissed.