## THOMAS PAYNE vs. THE STATE.

COURT OF APPEALS, AUSTIN TERM, 1882.

*New Trial — Election of Remedies — Conflicting Authorities.*— Where a defendant had been tried and convicted and he had paid the pecuniary fine imposed against him, motion thereafter made for a new trial was properly overruled. Having made the election to discharge the judgment, he cannot afterwards pursue the remedy of appeal.

Much time and labor being consumed in attempts to reconcile conflicting opinions without reaching any satisfactory conclusions, the court will select such cited cases as in their opinion announce the correct rule and will not attempt to reconcile conflicting opinions of other States.

Appeal from Cooke county.

Opinion by Winkler, J.

A motion is made by the Assistant Attorney General to dismiss this appeal for the reason that the judgment rendered has been satisfied and paid off, and there is nothing from

which to appeal. The record discloses that the appellant was prosecuted on affidavit and information in the county court jointly with another for an aggravated assault and battery alleged to have been committed upon one W. H. Perdue, on May 10, 1881. On the trial the appellant being alone on trial, was convicted and a fine imposed of twenty-five dollars. After the trial and conviction the defendant filed a motion for a new trial. Before the motion of a new trial was acted upon in the court, the district attorney moved the court to strike out the defendant's motion for a new trial on the ground that the defendant before the filing and hearing of the motion for a new trial, has paid off and satisfied the judgment of the court, and because therfore there is now no cause pending for which a new trial may be granted. The judgment of the court is as follows thereupon: "And the court after hearing the argument of counsel on both of said motions, and being satisfied that the defendant Thomas Payne had on the seventh day of July, A. D., 1881, before the filing of a motion for a new trial, paid off, satisfied and discharged the judgment of this court in this cause, by the payment of the amount of fine and costs for which judgment had been rendered, to-wit: Twenty-five dollars fine, and the further sum of forty dollars costs the court is of the opinion that the law is for the State. It is therefore considered adjudged and ordered that defendant's said motion for a new trial be and the same is hereby in all things overruled." To which ruling of the court said defendant, Thomas Payne, then and there in open court excepted and gives notice of appeal, etc.

From the foregoing and from other portions of the Transcript we are informed that the appellant after having been tried and convicted, paid off and satisfied the judgment entered against him, both fine and costs. He then gave notice of appeal and entered into recognizance for the prosecution thereof.

In our opinion the grounds of the motion to dismiss the appeal are well taken and must prevail. When the defendant had been tried and convicted, and a pecuniary fine had been imposed against him, two courses were open to him and he had a right to select which he would pursue, and having se-

lected for himself which he would pursue, must be held bound by the remedy of his choice.

To authorize such a course as that attempted in this case would be to permit him to trifle with the court. Having treated the matter as at an end—to permit him after having recognized the judgment as valid and binding, and afterwards to apply for a new trial, and this being refused would be entirely inconsitent.

Matlow vs. Cox, 25 Texas, 578; The State vs. Westfall et al., 37 Iowa, 575,—authorities cited by counsel for the appellant, seem to inculcate a somewhat different doctrine from that announced in Matlow vs. Cox, but it is believed that the case cited from 37 Iowa is in point and is at least as well sustained in reason and by authority as the cases cited on the other side. It often occurs that cases cited on opposite sides of a controversy are with difficulty reconciled, and much time and labor consumed in an effort to reconcile conflicting opinions without reaching any satisfactory conclusion. In the present case we have selected such cases as in our opinion announce the correct rule and will not attempt to reconcile conflicting opinions of other States.

We are of opinion that the motion to dismiss the appeal is well taken and that the appeal should be dismissed at the cost of the appellant, and it is so ordered.