## Thomas Payne *v.* The State.

Appeal from a Satisfied Judgment.— Having been convicted of misdemeanor and adjudged to pay a fine and the costs, the defendant paid the fine and costs and then moved for a new trial; which was refused and he gave notice of appeal. *Held,* that after satisfying the fine and costs there was nothing for the defendant to appeal from, and, on motion, his appeal is dismissed at his cost.

Appeal from the County Court of Cooke. Tried below before the Hon. J. P. Hall, County Judge.

The opinion states the case.

*H. Chilton,* Assistant Attorney General, moved to dismiss the appeal.

*Davis & Garnett,* for the appellant. The court denied the motion for a new trial because the appellant had paid off the fine and the costs before the motion was made. The question is: Did the appellant by the payment of the . fine and the costs waive the right, which he otherwise had, to demand a new trial and to prosecute an appeal to this court ?

The statutes of this State are silent upon the question as respects both civil and criminal cases. Upon principle we cannot see why the appellant should be any more estopped from demanding a new trial and prosecuting an appeal, than he would be estopped by the same acts in a civil suit. The same rule, in the absence of statutory enactments, should control both cases. In civil cases, it is well settled that payment of the judgment does not estop the defendant from afterwards prosecuting an appeal or writ of error. (Freeman on Judgments, sec. 481 *et seq.; Close* v. *Stewart,* 4 Wend. 95; *McCreless* v. *Hinkle,* 17 Ala. 459; *Knox* v. *Steele,* 18 Ala. 816; *Riddle* v. *Hanna,* 25 Ala. 485.) The question as to how the defendant upon reversal can be placed *in statu quo* does not

affect the right in the least.    Upon the reversal of a conviction imposing a fine, the defendant can recover back what he has paid out.    (*Old* v. *Commonwealth,* 18 Gratt. Va. 915.)

But if it should be conceded that appellant has no adequate remedy to obtain back what he has paid out, that would be a poor reason for denying him justice in this case.    Other considerations than the amount of dollars and cents involved induce law-abiding men to seek the reversal of convictions which brand them as transgressors; and especially is this the case when such convictions have been prosecuted by closing the mouths of their witnesses.

It should also be kept in mind that the payment in this case was not voluntary.    The judgment remanded the defendant to the custody of the sheriff.    The defendant did not deal with the State upon equal terms.    The payment was forced.    25 Texas, 470; 3 Texas, 92.    We do not think that the payment of the judgment has anything to do with the right to a new trial; and should the appellant be so fortunate as to obtain one, we do not think, under the circumstances, he is legally or morally estopped from forcing the officers of the court and the county of Cooke to restore all they have obtained from him.

WINKLER, J.    A motion is made by the assistant attorney general to dismiss this appeal for the reason that the judgment rendered has been satisfied and paid off, and there is nothing from which to appeal.    The record discloses that the appellant was prosecuted on affidavit and information in the County Court, jointly with another, for an aggravated assault and battery alleged to have been committed upon one W. H. Perdue, on May 10, 1881.    On the trial the appellant, being alone on trial, was convicted and a fine imposed of twenty-five dollars.    After the trial and

conviction the defendant filed a motion for a new trial. Before the motion for a new trial was acted upon by the court, the district attorney moved the court to strike out the defendant's motion for a new trial, on the ground that the defendant, before the filing and hearing of the motion for a new trial, had paid off and satisfied the judgment of the court, and because therefore there is now no cause pending for which a new trial may be granted.

The judgment of the court is as follows thereupon: " And the court, after hearing the argument of counsel on both of said motions, and being satisfied that the defendant Thomas Payne had on the 7th day of July, A. D. 1881, before the filing of the motion for a new trial, paid off, satisfied and discharged the judgment of this court in this cause, by the payment of the amount of fine and costs for which judgment had been rendered, to wit, twenty-five dollars fine and the further sum of forty dollars costs; the court is of the opinion that the law is for the State. It is therefore considered, adjudged and ordered that defendant's said motion for a new trial be and the same is hereby in all things overruled. To which ruling of the court said defendant Thomas Payne then and there in open court excepted, and gives notice of appeal," etc.

From the foregoing and by other portions of the transcript we are informed that the appellant, after having been tried and convicted, paid off and satisfied the judgment entered against him, both fine and costs; and then gave notice of appeal and entered into recognizance for the prosecution thereof.

In our opinion the grounds of the motion to dismiss the appeal are well taken and must prevail. When the defendant had been tried and convicted, and a pecuniary fine had been imposed against him, two courses were open to him, and he had a right to select which he would pursue, and, having selected for himself which he would

pursue, he must be held bound by the remedy of his choice. To authorize such a course as that attempted in this case would be to permit him to trifle with the court. Having treated the matter as at an end, to permit him, after having recognized the judgment as valid and binding, to apply for a new trial, and this being refused, to appeal, would be entirely inconsistent. *Matlow* v. *Cox*, 25 Texas, 578; *State* v. *Westfall*, 37 Iowa, 575.

Authorities cited by counsel for the appellant seem to inculcate a somewhat different doctrine from that announced in *Matlow* v. *Cox*, but it is believed that the case cited from 37 Iowa is in point and is at least as well sustained in reason and by authority as the cases cited on the other side. It often occurs that cases cited on opposite sides of a controversy are with difficulty reconciled, and much time and labor are consumed in an effort to reconcile conflicting opinions, without reaching any satisfactory conclusion. In the present case we have selected such cases as in our opinion announce the correct rule, and will not attempt to reconcile conflicting opinions of other States.

We are of opinion that the motion to dismiss the appeal is well taken, and that the appeal should be dismissed at the cost of the appellant; and it is so ordered.

*Appeal dismissed.*