### NEGLEY v. SHORT, (two cases.)

*(City Court of New York, General Term.* December 2, 1889.)

APPEAL—WHEN LIES—OPENING DEFAULT ON TERMS.

     Where there is an order opening a default, and permitting defendant to come in on terms, and defend on the merits, defendant cannot appeal from the order after having complied with the terms.

Appeal from special term.

Two actions by James S. Negley against John C. Short. There was judgment against defendant by default, and an order was entered opening default upon terms. From this order, defendant appeals.

Argued before NEHRBAS and HOLME, JJ.

*James Parker,* for appellant. *Morris Cooper,* for respondent.

PER CURIAM. By the order appealed from, the defendant was permitted to come in and defend on the merits, upon the following terms: (1) Upon payment, within three days after service of the order, of the costs and disbursements included in the judgment, and upon the service of his answer at the same time; (2) the judgment and all proceedings founded thereon to stand as security; (3) the actions to go on the day calendar, November 11th, and to be tried when reached. The appellant concedes that he has paid the costs and served his answer in compliance with the order. That ends this appeal.

By submitting to the terms of the order, the appellant waived his appeal. See *Grunberg* v. *Blumenlahl,* 66 How. Pr. 62.   The case of *Hayes* v. *Nourse,* 107 N. Y. 577, 14 N. E. Rep. 508, has no application.   A judgment recovered must be paid, either voluntarily or by execution.   In such a case a voluntary payment does not affect the appeal from the judgment.   But here there was no compulsion upon the part of the appellant to pay.   It was a favor granted him, with which he could comply, or decline to do so.   Having availed himself of the favor extended, he cannot be heard upon appeal in opposition thereto.   Besides, the discretion exercised was not abused.   It is an elementary rule that an agreement of accord executory, to be performed at a future day, with a complete tender of performance, is no bar to an action, unless performance is accepted.   3 Bl. Comm. 15.   In this case the notes given upon the supposed accord were never accepted, inasmuch as the former notes were not surrendered, nor any other act done showing an acceptance, and plaintiff was at no time deprived of his right to continue his actions. The appeal will therefore be dismissed, with $10 costs and disbursements.