O. F. Parks et al. v. Dallas Terminal Railway and Union
Depot Company.

Decided January 23, 1904.

**1.—Condemnation of Land—Acceptance of Judgment—Appeal.**

Where on the trial in the county court of an action to condemn land
for railway purposes there was a judgment of condemnation awarding dam-
ages to the owner in a stated sum, and the railway company deposited in
court the amount so adjudged against it, and the land owner receipted the
judgment and withdrew the money, this concluded his right to prosecute a
writ of error to have the judgment reversed. The statute of 1899 (Gen. Laws
26th Leg., p. 103) permitting railroads and other corporations, pending an
appeal in condemnation proceedings, to take possession of the land upon de-
posit of the amount of damages awarded, does not apply to a case of this
kind so as to save the right of appeal to the land owner after he has ac-
cepted the judgment.

Error from the County Court of Dallas. Tried below before Hon. E.
D. Lauderdale.

*Cobb & Avery,* for plaintiffs in error.

*Bonner & Gilbert* and *J. C. Roberts,* for defendant in error.

BOOKHOUT, Associate Justice.—On March 13, 1902, Dallas Ter-
minal Railway and Union Depot Company, a railway corporation, pre-
sented its petition to the county judge of Dallas County, Texas, praying
for the condemnation of certain property therein described, belonging
to plaintiffs in error. Commissioners were appointed as required by law,
who, after hearing, filed their award in the County Court of Dallas
County, Texas, March 26, 1902, to which award plaintiffs in error filed
their objection. On September 27, 1902, said cause was duly tried in
the County Court of Dallas County, Texas, before a jury, and a verdict
was rendered in favor of plaintiffs in error for the sum of $3500, upon
which verdict the court rendered judgment in their favor for the sum
of $3500, with 6 per cent interest from date until paid, and costs of suit;
and that upon the payment of said judgment by the defendant in eror,
to plaintiffs in error, or into court for their benefit, the land sought to
be condemned be devested out of plaintiffs in error and vested in defend-
ant in error. Plaintiffs in error filed a motion for a new trial. On Oc-
tober 1, 1902, defendant in error paid into court $3500, the amount of
said judgment, and $6.90 interest thereon. On October 18, 1902, the
court overruled the motion for a new trial by plaintiffs in error, and on
the same day, to wit, October 18, 1902, plaintiffs in error voluntarily
drew from the court said sum of $3506.90, and receipted the judgment
in words and figures as follows: "Received of A. S. Jackson, Co. Clerk,
three thousand five hundred, six and 90-100 ($3506.90) dollars in full
of this judgment and interest, this October 18, 1902. Cobb & Avery,
Attorneys for defdts."

On September 11, 1903, plaintiffs in error filed their petition in error

and cost bond in the sum of $250, and took out transcript and filed the same in this court on the 5th day of December, 1903.

The defendant in error moves the court to dismiss the writ of error on the ground that the plaintiffs in error, having accepted the benefits of the judgment of which they complain can not prosecute a writ of error to reverse the same. As a general rule a party can not accept the benefits of an adjudication and then appeal from the judgment. Matlow v. Cox, 25 Texas, 578; Dunham v. Randall, 11 Texas Civ. App., 265, 32 S. W. Rep., 720; 2 Enc. of Pl. and Prac., p. 174. And it is held by the Court of Civil Appeals for the Second District that this' rule is applicable to proceedings for the condemnation of land under the railroad right of way statute. Twombly v. Chicago, R. I. & S. F. Ry. Co., 31 S. W. Rep., 81; and see, also, Lewis on Em. Dom., sec. 556.

The plaintiffs in error cite the statute of 1899 (Gen. Laws, 26th Leg., p. 103), and contend that by reason of the provisions of this statute they are authorized to prosecute their writ of error, notwithstanding they have accepted the benefits of the judgment from which they appeal. This statute was enacted, as stated in its caption, "to permit railroad and other corporations having the right of eminent domain, to enter upon and take possession of property sought to be condemned, pending litigation, upon the payment or security of the award of the commissioners appointed to appraise, and costs; and the deposit of money sufficient to cover additional damages that may be adjudged and the giving of bond for future costs and to repeal laws in conflict herewith."

The statute expressly provides that "if the cause should be appealed from the decision of the county court, the appeal shall be governed by the same law as in other cases; except the judgment of the county court shall not be suspended thereby."

Thus, it is seen, the appeal is to be governed by the general statutes relating to appeals, except the judgment is not to be suspended thereby. The exception is made for the purpose of permitting the railroad or other corporations, upon complying with the conditions of the statute, to take possession of the land and continue its work. After the award by the commissioners appointed to assess the damages the railroad company excepted thereto and the case was then in the county court, and upon the verdict of the jury judgment was rendered for $3500 and interest in favor of defendants. The railroad company thereupon deposited the amount of judgment with interest and costs in court for the benefit of defendants in error. The defendants in error accepted the same and executed a receipt in full of the judgment. Thereafter they prosecute this writ of error to reverse the judgment. This they could not do. They were not compelled to accept the damages and receipt the judgment. Their act in so doing was voluntary. It is not like the act of the railroad company in making the deposit in court. This the statute required to be done before the company could enter upon and take possession of the property. Such payment is compulsory in that it must be made before the company could enter upon and take posses-

sion of the land.   As stated, the object of the statute is to provide a mode of procedure whereby the railroad or other corporation having the right of eminent domain can enter upon and take possession of the property sought to be condemned pending 'litigation.   It does not change the manner of appeal further than that an appeal is not to suspend the judgment.

We are cited by plaintiffs in error to the ruling in the States of Ohio and Indiana to the effect that where a railroad company, in proceedings instituted by it for condemnation of its right of way, pays the damages awarded by the court to the clerk thereof and enters into possession of the land, the fact that the company has perfected an appeal from the judgment does not justify the clerk in refusing to pay back the damages to the owner or prevent the latter from taking proceedings to recover the same.   Meily v. Zwimehley, 23 Ohio St., 628; Meyer v. State, 125 Ind., 335.

This ruling is based upon the statutes of those States.   It is to be noted that the appeal was by the railroad company, and not by the owner of the land.   This fact would distinguish this case from the cases cited. We do not hold that pending an appeal by the railroad company the defendants in judgment would not be entitled to the benefits of the judgment.   This question is not involved in this appeal.   We conclude that the motion to dismiss the writ of error is well taken, and the same is sustained.

*Writ of error dismissed.*