CITY OF ROSEBUD v. VITEK.   (No. 6045.)

(Court of Civil Appeals of Texas. Austin.
March 5, 1919. On Motion for Rehearing, April 9, 1919.)

1. EMINENT DOMAIN ⬅238(3) — CONDEMNATION OF LANDS—WATERWORKS—APPEAL TO COUNTY COURT.

The rule with reference to the condemnation of property for waterworks by cities is the same as that for the condemnation of rights of way by railroads, and a city may deposit the amount of an award and prosecute an appeal to the county court, although the landowner files an acceptance of the award (Rev. St. 1911, arts. 1003–1005, 6504–6523, 6527, 6530).

2. EMINENT DOMAIN ⬅136—DAMAGES—TAKING PART OF TRACK.

Where land is taken by a city for a waterworks, the measure of damages is the market value of the land taken and the difference, if any, of the market value of the remainder of the tract just before and after the condemnation thereof.

3. EMINENT DOMAIN ⬅138—DAMAGES—RESTORING IMPROVEMENTS.

In a proceeding by a city to condemn land for a waterworks, the expense and value of any labor necessary to restore improvements on remaining land and injury to the land to its use as a homestead were proper for consideration by the jury in determining the market value, but it was improper to permit the jury to consider these elements of damage for any other purpose than to determine the difference in market value before and after the taking.

4. EMINENT DOMAIN ⬅205—DAMAGES—EVIDENCE.

In a proceeding by a city to condemn land for a waterworks, evidence *held* insufficient to sustain a verdict of the jury as to the amount of damage suffered.

5. EMINENT DOMAIN ⬅200—DAMAGES—BURDEN OF PROOF.

In a proceeding by a city which sought to condemn land for a waterworks, the burden is on the landowner, part of whose land was taken, to show the amount of damage he *suffered*.

6. EMINENT DOMAIN ⬅219—PROCEEDINGS—ARGUMENT—OPENING AND CLOSING.

In a proceeding by a city to condemn land for a waterworks, since the burden is upon a landowner, part of whose land was condemned, to show the amount of damage, he is entitled to open and conclude upon both the evidence and the argument.

On Motion for Rehearing.

7. EMINENT DOMAIN ⬅245—APPEALS—PAYMENT OF AWARD.

Rev. St. 1911, art. 6530, subd. 2, providing that an award in condemnation proceeding and

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a like amount must be deposited in court, which shall be held together with the award itself, etc., clearly contemplates that the award shall not be paid to the landowner pending the suit.

Appeal from Falls County Court; F. S. Heffner, Judge.

Suit by the City of Rosebud against Tom Vitek. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Spivey, Bartlett & Carter, of Marlin, for appellant.

Robert M. Lyles, of Cameron, for appellee.

JENKINS, J. This is a suit for the condemnation of 3.44 acres of land owned by appellee for waterworks purposes. It was agreed by the parties that appellant had taken all necessary steps to condemn said land, and that the only issue involved in this case was the value of the same. The commissioners appointed assessed the value of said land at $688. Appellant filed its objection to said award with the county judge, and paid to the clerk of the county court, for the use of appellee, $688, but instructed the clerk not to pay the same to appellee until the termination of this suit. Appellant also deposited with said clerk a like sum of $688, and gave bond as required by statute.

Appellee filed with said clerk his acceptance of said sum of $688, and filed a motion with the county judge that the same should be paid over to him, which motion was denied.

Upon a trial in the county court, there was awarded appellee the sum of $688, from which judgment appellant has perfected his appeal.

It is the contention of the appellee that, by his written statement that he was willing to accept the said sum of $688, the appellant was barred from further prosecuting his suit in the county court.

[1] It has been held in several cases, and properly so, that where the owner of the land accepts the money awarded to him he cannot thereafter prosecute an appeal from said award. We do not think this rule is applicable where the party seeking to condemn land appeals from the award. The Legislature has provided how damages should be ascertained in cases of condemnation by railway companies. Articles 6504 to 6523, Revised Statutes. Article 6527 of the Revised Statutes provides that, if either party is dissatisfied, he may file his opposition to the award of the commissioners with the county judge; and thereupon the case shall be tried in said court. Article 6530 provides that the plaintiff may take possession of the land by making the payments and giving the bond, as therein required.

The rule with reference to condemnation of property for waterworks by cities is the same as that for the condemnation of rights of way by railroads. Article 1003 to article 1005, inclusive. The statute provides in positive terms that either party may appeal, and it is evident that it contemplates that the party seeking condemnation may enter upon the land, pending litigation, by complying with the statute with reference thereto. The plaintiff cannot perfect his appeal without making the deposit to the order of the defendant. If the defendant may defeat such appeal by accepting said money, then the plaintiff is denied the right of appeal, or else must wait until the termination of the suit in order to take possession. The object of the statute, as shown by its caption, was to enable railroads and other corporations having the right of eminent domain, to enter upon and take possession of the land sought to be condemned pending litigation. Parks v. Railway Co., 34 Tex. Civ. App. 341, 78 S. W. 534.

Appellee has moved to dismiss this suit for want of jurisdiction of the county court, by reason of his willingness to accept the amount of the award made by the commissioners. For the reasons stated, we overrule this assignment.

The trial court charged the jury as follows:

"(1) In this case you will find for defendant and assess his damages in such sum as you find from the evidence he sustained by reason of the condemnation of the land described in plaintiff's original petition, and such sum as you may find that defendant and other lands belonging to him sustained, if any, as consequential damages of the condemnation of his land, and the construction of the proposed dam and reservoir upon defendant's land."

There is no affirmative error in this charge. It will appear from a reading thereof that no standard is given whereby the damages may be assessed.

The second paragraph of the court's charge was as follows:

"(2) In arriving at the amount of damages sustained by defendant by reason of the condemnation of his said land and the construction of the proposed dam and reservoir, you will take into consideration any expense, and the value of any labor necessary in order to restore the improvements on defendant's said land to as good condition as they would have been, except for the condemnation of his said land and the construction of the proposed dam and reservoir; and you will take into consideration the extent of the injury to the land of defendant, if any, to its use as a homestead for defendant and his family, and the difference between the market value of the defendant's entire tract of land just before and just after the construction of the proposed dam and reservoir."

Appellant, in due season, filed its objection to these charges, and here assigns error as to the second paragraph of said charge, in that it permits a double recovery.

[2, 3] We sustain this assignment. The

true measure of damages in the instant case was the market value of the land taken and the difference, if any, in the market value of the remainder of the tract just before and just after the condemnation thereof. The elements mentioned in the second paragraph were proper to be taken into consideration by the jury in determining such market value; but it was improper to permit the jury to consider these elements of damage for any other purpose than to determine such difference in market value. Railway Co. v. Wyrick, 147 S. W. 732.

[4] Appellant further objects to such charge and to the verdict of the jury in response thereto, in that there is no sufficient evidence upon which such verdict could be based.

Appellee and several of his witnesses testified that the erection of the reservoir near his house and the cutting off of an irregular shaped piece of land would injure the remainder of his land as a homestead. He and other witnesses also testified that some of his improvements were situated on the land condemned; but no witness testified as to the value of such improvements, what it would cost to restore them, nor to how much in dollars and cents the remainder of his tract was injured for purposes of a homestead.

[5] The only testimony as to the difference in market value was that of two of the commissioners, who had assessed the value under the original condemnation proceedings. Neither of these witnesses professed to know the market value of the land either before or after the condemnation proceedings. The substance of their testimony was that, from inquiries made by them as to what was asked for land in that vicinity, and as to the value of the improvements destroyed, and as to the injury to the remainder of the tract of land as a homestead, they concluded that appellee was entitled to $688 damages. Appellee ought to be able to produce more satisfactory testimony than this as to the amount of damages he is entitled to recover. The court charged the jury that the burden of proof was on appellee to show the amount of damage he had suffered by the condemnation of his land. This was correct.

[6] Regardless of the form in which this suit was brought, it was in fact under the agreement hereinbefore referred to, a suit by appellee to recover damages for taking his land, and the burden was upon him to show the amount of such damages. Such being the case, the appellee was entitled to open and conclude upon both the evidence and the argument. This he was permitted to do by the trial court. Appellant assigns error as to this action of the court. We overrule said assignment.

For the reasons stated, the judgment of the trial court herein is reversed, and this cause is remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

We have examined the authorities cited by appellee, and carefully considered the able argument of his attorney on motion for rehearing, but have not been convinced thereby that we were in error in our original opinion herein.

One of the cases cited by appellee is Oregon Electric Ry. Co. v. Terwilliger, 51 Or. 107, 93 Pac. 334, 930. The Constitution of Oregon has two provisions in reference to taking private property for public use. Article 1, § 18, provides that private property shall not be taken for public use "without such compensation first assessed and tendered." If there was no other provision on the subject, of course the property would have to be paid for, or the tender refused. Article 11, § 4, provides that—

"No person's property shall be taken by any corporation, under authority of law, without compensation being first made or secured in such manner as may be prescribed by law."

In the case above cited the court held that the Legislature of Oregon had "failed to prescribe the manner whereby the compensation of land taken for public use may be 'secured.'" Such being the case, of course payment must have been actually made or tendered. The appeal was upon an ordinary appeal bond. Our statute has prescribed ample security in such cases.

Russell v. Bush, 196 Ala. 309, 71 South. 397, was a suit by a land agent for commission. The land had been condemned by the United States, from which there was no appeal. The money was paid, and both parties to the condemnation proceedings were satisfied. The issue was as to whether the broker, who did not effect a legal sale, but brought about the condemnation proceedings, was entitled to commission on the amount paid for the land.

[7] We call attention to the language of article 6530, subd. 2, R. S., wherein it is provided that the award and a like amount must be deposited in the court, "which shall be held, together with the award itself, * * * to secure all damages that may be awarded or adjudged against the plaintiff." Clearly this contemplated that the award shall not be paid to the defendant pending the suit.

Motion is overruled.