## Commonwealth v. Sharpless et al.

*Criminal law—Reckless operation of automobile—Justice of the peace—Judgment—Payment of fine—Certiorari—Moot question.*

1. Where a defendant has been adjudged guilty by a justice of the peace of recklessly operating an automobile while intoxicated and has voluntarily and without any commitment or other proceedings paid the fine imposed upon him, he cannot thereafter have the case reviewed on *certiorari* by the Common Pleas.

2. In such case, where the defendant has been convicted and sentenced, he may either pay the fine, appeal, or have the record of the justice reviewed on *certiorari*. If he elects to pay the fine, he cannot afterwards have recourse to the other remedies. The whole proceeding is ended by the payment of the fine and there is nothing to review.

3. Courts will not investigate and decide abstract questions involved in a case in which the substance of the controversy has vanished.

Exceptions by defendants on *certiorari* to judgment of justice of the peace. C. P. Montgomery Co., Nov. T., 1923, No. 238.

*J. Burnett Holland,* for plaintiff; *Frank J. Bradley,* for defendants.

WILLIAMS, J., April 4, 1924.—This case originated before a justice of the peace and, later, was brought here by *certiorari.*

The transcript and attached informations returned by the justice show that, on Feb. 6, 1924, by oath of Officer Fred G. Craig, on information received, the first defendant, Enos Sharpless, was charged with having, on the preceding day, operated an automobile on a public highway, known as Lancaster Avenue, in the village of Overbrook, Lower Merion Township, this county, in a reckless manner, contrary to the act of assembly for such case made and provided, and, on said Feb. 6th, by oath of the said officer, the second defendant, Frank Sharpless, was charged with having, on the said preceding day, acted in a drunken and disorderly manner on the said Lancaster Avenue, in the said village; that on said Feb. 6th the defendants were brought for hearing before the justice with whom the above information had been lodged; that the said officer, Frank De Bona and Frank T. Nickerson were sworn and testified; that both defendants were sworn and that, after hearing, the said Enos Sharpless was fined the sum of $25 and costs on the charge of reckless operation of an automobile and the said Frank Sharpless was fined the sum of $10 and costs on the charge of disorderly conduct and the said fines and costs were paid.

The record of the justice fails to disclose that any defendant was sentenced, in default of payment of either fine or costs or otherwise, to imprisonment; that, after the imposition of sentence, the defendants, or either of them, awaited the issuance of a writ of commitment to the county jail, or that, in

the case of either defendant, such writ or commitment was ever mentioned or suggested by the justice, much less actually issued by him. On the other hand, the transcript plainly reveals that each defendant, while not under duress, of his own motion and volition, without protest on his part and without any request, solicitation, promise, threat or coercion on the part of the justice, other officer or any person whomsoever, paid to the justice the full amount of the fine and costs included in the sentence imposed.

Where a defendant, sentenced by a justice of the peace, voluntarily pays the fine and costs imposed by such sentence, a Court of Common Pleas has no power, subsequently, on *certiorari*, to reverse the judgment of the justice: Com. *v.* Gipner, 118 Pa. 379 (1888), Williams, J.; Cronrath *v.* Border, 27 Pa. Superior Ct. 15, 17 (1904), Per Curiam; Com. *v.* Yocum, 37 Pa. Superior Ct. 237, 240 (1908), Beaver, J.; Com. *v.* Konas, 57 Pa. Superior Ct. 629, 631-2 (1914), Porter, J.; Haverford Township *v.* Armstrong et al., 76 Pa. Superior Ct. 152, 155 (1921), Trexler, J.; Com. *v.* Browning and Pharo, 76 Pa. Superior Ct. 155 (1921), Trexler, J.; Com. *v.* Smith and Dandreas, 76 Pa. Superior Ct. 156 (1921), Trexler, J.; Lower Merion Township *v.* Smy, 5 Pa. Justices' Law Repr. 35 (1906), Weand, J.; Com. *v.* Gourley, 5 Pa. Justices' Law Repr. 38 (1906), Weand, J.; Com. *v.* Megargee, 5 Pa. Justices' Law Repr. 40 (1906), Weand, J.; Com. *v.* Hellerman, 29 Montg. Co. Law Repr. 39 (1913), Weand, J.; Com. *v.* Shofnosky, 5 Dist. R. 784 (1896), Doty, P. J.; Com. *v.* Reeher, 17 Dist. R. 18, 19-20 (1907), Williams, P. J.; Com. *v.* Nicholson, 18 Dist. R. 707, 708 (1909), Stout, P. J; Com. *v.* Scott, 28 Pitts. L. J. (O. S.) 446 (1881), Stowe, P. J.; City of Hazleton *v.* Birdie, 10 Luzerne Leg. Reg. Reps. (Kulp) 98 (1900), Halsey, J.; Com. *v.* Appold, 23 Lanc. Law Rev. 150 (1905), Stewart, J.; South Bethlehem Borough *v.* Weiland and Ritter, 11 Northamp. Co. Repr. 118, 122-4 (1907), Stewart, J., and Com. *v.* Latsch, 10 Lehigh Co. L. J. 183 (1923), Reno, J. See, also, The State *v.* Westfall and Mathews, 37 Iowa, 575, 576 (1873), Day, J.; Floyd *v.* The State, 32 Ark. 200, 202 (1877), English, C. J.; Leavitt *v.* People, 2 N. W. Repr. 812 (1879), Graves, J. (Mich.); Payne *v.* The State, 12 Texas App. 160, 162-3 (1882), Winkler, J.; Madsen *v.* Kenner, 4 Pac. Repr. 992, 993 (1884), Twiss, J. (S. C. of Utah); State *v.* Conkling, 37 Pac. Repr. 992 (1894), Johnston, J. (S. C. of Kan.); State *v.* Wilder, 23 So. Repr. 203 (1898), Blanchard, J. (S. C. of La.); Town of Batesburg *v.* Mitchell, 37 S. E. Repr. 36, 38-9 (1900), McIver, C. J. (Supr. Ct. of S. C.); Kitchens *v.* State, 61 S. E. Repr. 736 (1908), Russell, J. (C. of A. of Ga.); State *v.* Pray, 94 Pac. Repr. 218, 220 (1908), Norcross, J. (S. C. of Nev.); Com. *v.* Bass, 74 S. E. Repr. 397, 398 (1912), Cardwell, J. (S. C. of A. of Va.); Eutsler *v.* Com., 156 S. W. Repr. 855 (1913), Settle, J. (C. of A. of Ky.); State *v.* Swikert, 132 Pac. Repr. 709 (1913), Per Curiam (S. C. of Ore.); State *v.* Wells, 149 N. W. Repr. 286 (1914), Holt, J. (S. C. of Minn.), and Sibenaler *v.* State, 148 Pac. Repr. 678, 679 (1915), Doyle, P. J. (Crim. Ct. of A. of Okla.).

Examining the return made to the *certiorari*, which must be regarded as conclusive, People ex rel. Sims *v.* Fire Commissioners, 73 N. Y. 437, 439 (1878), Allen, J., it appears that both defendants, having been charged with a violation of law, after hearing, were fined, whereupon they paid their fines and costs, thereby immediately satisfying whatever judgments had been entered against them. Thus, each voluntarily submitted to his conviction and, without the award of process, discharged the entire penalty. Nothing remained, therefore, in which either could have legal interest or which could be practically affected by any judgment on *certiorari*. Hence, an order of reversal could be but a fruitless thing: Leavitt *v.* People, 2 N. W. Repr. 812,

and Powell v. People, 10 N. W. Repr. 129 (1881), Marston, C. J. (Cooley, J., concurring), Mich.

If the defendants had refused or failed to pay their fines and costs, and the first defendant had undergone an imprisonment in the county jail for a period not exceeding five days (Act of June 30, 1919, § 33, P. L. 678, 698), and the second defendant, in default of the payment of his fine and costs, had been committed to and imprisoned in the county jail for a period not exceeding thirty days (Act of May 2, 1901, P. L. 132), and both defendants had fully served their respective terms of imprisonment, they could not have prosecuted afterwards a *certiorari* from the judgment of the justice, for the reason that from a reversal they could derive no benefit. By voluntarily paying the fines and costs imposed upon them, however, they stand in the same relation to the law as they would have done if they had served their period of imprisonment. The most that can be said for them is that they have paid money in mistake of their legal rights, for, if they did not have to pay their fines and costs, in disbursing the full amounts thereof they may have made a mistake of law. But if, upon *certiorari*, the judgment should be reversed, the defendants cannot recover back the money with which they have already parted, and, hence, they can derive no benefit from the *certiorari*. The judgment of the court upon *certiorari* would, therefore, determine a mere abstraction. Besides, it is inconsistent to yield a voluntary obedience to a judgment of a court and then, later, seek to have reversed the very judgment to which acquiescence has been so given: The State v. Westfall and Mathews, 37 Iowa, 575.

Immediately the defendants had been tried and convicted and a pecuniary fine imposed, at least three courses were open to them and each defendant had the right to elect which he would follow, to say whether he would pay, appeal or have the record of the justice reviewed. Both having made the choice of payment, both must be held bound by the remedy of their own voluntary selections. To allow them now to pursue the course here attempted would be to permit them to trifle with the court. To let them, after they themselves had recognized the judgment of the justice as valid and binding and had treated the action as at an end, set aside the judgment would be entirely inconsistent. A defendant may not, at first, adopt the judgment of the justice as right and then, secondly, repudiate it as wrong. The court will not be placed in the attitude of subserving any such two-faced position. Furthermore, to permit it, manifestly, would be unfair to the Commonwealth: Matlow v. Cox, 25 Texas, 578, 580-1 (1860), Roberts, J.; The State v. Westfall and Mathews, 37 Iowa, 575, and Payne v. The State, 12 Texas App. 160.

In an application for a writ of *certiorari* to review the proceedings of a justice of the peace, the payment of the sum of money designated as fine and costs in the judgment sought to be reviewed determines the issues involved in the proceedings, which, by virtue of such payment, are at an end, and thereby the judgment attacked is satisfied and put beyond review by *certiorari*: Madsen v. Kenner, 4 Pac. Repr. 992. A voluntary satisfaction of a judgment waives the right to have the judgment reviewed. Even if it were not so, wherever the order sought to be reviewed is of such a nature that the execution of the judgment has left nothing upon which a decree of reversal can operate, the *certiorari* will be dismissed: State v. Pray, 94 Pac. Repr. 218. When the sentence meets with compliance by full payment of the fine and costs, there no longer exists a judgment subject to review: Com. v. Gipner, 118 Pa. 379; The State v. Westfall and Matthews, 37 Iowa, 575; Leavitt v. People, 2 N. W. Repr. 812; Madsen v. Kenner, 4 Pac. Repr. 992; Washington

v. Cleland, 88 Pac. Repr. 305 (1907), Hailey, J. (S. C. of Or.) ; Ann. Cas., 1913 E, note, page 300, and State v. Wells, 149 N. W. Repr. 286. There can be no doubt that a reviewing tribunal cannot and will not do such a nugatory act as to reverse a judgment which has already been accorded full satisfaction. To do so would be to decide a mere speculative question. This, it has been frequently decided, the court will not do:  Smith v. United States, 94 U. S. 97 (1876), Waite, C. J.;  Bonahan v. Nebraska, 125 U. S. 692 (1887), Waite, C. J., and Town of Batesburg v. Mitchell, 37 S. E. Repr. 36.

When a defendant is convicted in a summary proceeding before a justice of an offence of which the magistrate had jurisdiction, is fined an amount within the limit authorized by the statute creating the offence and voluntarily pays the fine, that is an end of the case.  Having voluntarily paid his fine, he has satisfied the law and is no longer in a position to raise any question as to the validity of the payment:  Com. v. Gipner, 118 Pa. 379, and Com. v. Yocum, 37 Pa. Superior Ct. 237.  When the fine has been thus voluntarily paid, any question as to the regularity of the proceedings becomes merely academic and the State does not maintain her courts of record for the purpose of deciding questions of that character:  Com. v. Konas, 57 Pa. Superior Ct. 629.

As courts do not settle moot questions, deal with fictitious litigation, or proceed to judgment, when the parties have settled their controversy or the judgment has been satisfied, a reviewing court will not investigate and decide the abstract questions involved in a case in which the substance of the controversy has vanished.  In such event, the writ of error must be dismissed:  Randolph v. Brunswick & B. R. Co., 48 S. E. Repr. 396, 397 (1904), Lamar, J. (S. C. of Ga.), and Smith v. United States, 94 U. S. 97.  The duty of every judicial tribunal is to decide actual controversies by a judgment which can be carried into effect and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.  It follows, necessarily, that, whenever a judgment of a lower court is before a superior tribunal for review, if an event has occurred, although it may be without the fault of the defendant, which renders it impossible for the reviewing court, if it should decide the case in favor of the defendant, to grant him any effectual relief whatever, the higher court will not proceed to a formal judgment but will dismiss the certiorari:  Negley v. Short, 7 N. Y. Supp. 674 (1889), Per Curiam (City Ct. of N. Y.) ;  San Diego School District v. Board of Supervisors, 32 Pac. Repr. 517 (1893), Harrison, J. (S. C. of Cal.) ;  American Book Co. v. Kansas, 193 U. S. 49, 51-2 (1904), McKenna, J., and State v. Pray, 94 Pac. Repr. 218.

By the payment without protest or qualification and voluntary satisfaction of the fines and costs, the case at bar was ended before ever the writ of certiorari issued and, consequently, the Court of Common Pleas is totally devoid of both jurisdiction and authority in the premises.  The sentences of the law having been executed by the free acts of the defendants themselves, nothing is left for controversy.  The court cannot, at the request of a defendant, set aside and hold for naught a judgment already acquiesced in, submitted to and discharged by the very defendant seeking a reversal of such judgment.  The payment by each defendant of his penalty renders wholly immaterial the various questions which both have raised by the above exceptions and neither has any standing in law to demand the judicial determination of the now wholly moot, abstract, academic, speculative or fictitious propositions here presented.

When the defendants voluntarily complied with the mandate of the justice, his judgment was satisfied and its force was exhausted.  After the judgment

Commonwealth *v.* Sharpless et al.

rendered had been so satisfied, nothing remained therein of which the defendants could complain or about which either could say he was aggrieved. A reversal would not of itself give back the fines and costs paid and the compliances with the respective sentences having been purely voluntary restitution could not be awarded. Nothing, therefore, is left to litigate.

Without expressing any opinion as to the effect of the irregularities of which the defendants complain, it is quite clear that the payment of the fines and costs determined the issues involved in the action, which, by virtue of such payment, was ended, and that the judgment of the justice was thereby satisfied and placed beyond review by *certiorari.*

And now, April 4, 1924, all the exceptions to the transcript or judgment of the justice are overruled and dismissed and the proceedings before the justice are affirmed.                    From Aaron S. Swartz, Jr., Norristown, Pa.