## HOUSING AUTHORITY OF CITY OF DALLAS v. DIXON.

### No. 14529.

Court of Civil Appeals of Texas. Dallas.

June 27, 1952.

Rehearing Denied July 18, 1952.

Scurry, Scurry & Pace, and Ethan Stroud, Dallas, for appellant.

McKool, McDaniel & Bader, Dallas, for appellee.

CRAMER, Justice.

This is a condemnation proceeding by appellant against appellee Dixon to con-

demn her home. After the Commissioners had awarded appellee $4,350 damages for the taking of the property and such amount had been placed in the registry of the court, appellee, within the time required by law, filed her objection to the decision of the Commissioners. On September 6, 1951 the case was tried to a jury who found the damages for the taking of the property to be $6,200. On September 18, an order was entered, on motion of appellee Dixon, after notice and hearing, directing the Clerk to pay to appellee and intervenors, out of the $4,350 deposited with the Clerk by appellant, the sum of $4,350, which sum was paid by the Clerk and received by appellee. Thereafter on September 27, 1951 appellant's motion for new trial was filed and on the same day overruled. Appellant has duly perfected this appeal from the judgment and order.

Appellant briefs three points of error. The first point attacks the trial court's order overruling its motion to set aside the judgment of the county court entered after trial on the merits and to enter an order confirming the report of the Special Commissioners. This point involves a construction of Art. 3268 Vernon's Ann.Civ.St. It appears from the record that appellant, plaintiff in the condemnation proceedings, desired to take, and did take, possession pending the litigation of the property condemned; and, under subdv. 1, Art. 3268, appellant elected not to pay the amount of damages found by the Commissioners direct to appellee, but to deposit such damages in the registry of the County Court. Appellant also executed the bond provided for in subdv. 2, Art. 3268.

The final judgment of the County Court was for $6,200, a sum in excess of the amount awarded by the Commissioners.

Appellant asserts that the appellees have received substantially all of the amount of the damages awarded by the Commissioners and therefore the controversy here has become moot. If it were not for the provisions of Art. 3268, V.A. T.S., the motion would be good. However, under the express provisions of such Article, appellant's appeal from the judgment did not suspend the enforcement of

such judgment, by the following language: "* * * If the cause should be appealed from the decision of the county court, the appeal shall be governed by the law governing appeals in other cases; except the judgment of the county court shall not be suspended thereby."

■ The judgment of the county court for $6,200 is entitled to a credit thereon of the $4,350 delivered to appellee by the County Clerk. Under the plain wording of the statute, pending the appeal, appellee could secure an execution for the collection of the balance without in any way affecting the rights of appellant in connection with the appeal to the county court, or the appeal from the county court to this Court. The statute, Art. 3268, subdv. 3, protects appellant in the event the judgment of the county court is reversed, or the cause results finally in an amount less than the amount deposited and/or collected, in the following language: "That in any case where the award paid the defendant or appropriated by him exceeds the value of the property as determined by the final judgment, the court shall adjudge the excess to be returned to the plaintiff."

Under our interpretation of the statute, the appellees acted clearly within their rights. The cases cited by appellant, where the owner of the land condemned was the appellant or appealing party, are not in point. Here, appellees are not appealing from, or complaining of, the judgment of the county court. They are willing to abide by, and are seeking to sustain, it. As to them, under the circumstances here, the judgment is not suspended pending appeal. Point 1 is overruled.

By point 2, appellant complains of the trial court's allowance of interest on the amount of the jury verdict from the date of the filing of the award of the Condemnation Commissioners.

■ In a condemnation suit, interest begins at the time of the taking of possession of the land by condemnor, and ends when the money is finally paid. In this particular case, as above stated, interest began to run on the amount deposited with the County Clerk from the date appellant

took possession of the land, and ran until it was withdrawn by the condemnee; and on the difference between such amount withdrawn and the total amount of the final judgment in the County Court, the interest would run from date of possession by condemnor to the date such final balance is paid by condemnor. Or, if the final judgment of the county court is reversed, or reduced on appeal to an amount less than the amount withdrawn from the registry of the court, then the interest in connection with the judgment against condemnee would run from the time it was originally received by condemnee until it is returned by him. Point 2 is sustained in part and the judgment as to interest modified so as to conform to the above formula.

By point 3, appellant complains of the trial court's refusal to allow an expert witness on value to testify as to his attendance at a meeting, wherein he addressed such meeting and protested the housing projects over the objection of appellee, for the reason that such testimony would have shown witness' interest, bias, and prejudice against appellant. This witness testified fully as to his owning some 15 or 20 Lots in the project, or area, being condemned by appellant, and that he owned certain vendor's liens on certain properties therein that he had sold to others; also, that he, himself, owned property involved in pending contested and undisposed cases wherein appellant was seeking condemnation; that the attorney for appellee had asked him to make the inspections, as had a number of other owners of such property.

The Bill of Exception shows what the excluded testimony would have been, as follows: That he, as well as the attorney for appellee, was extended an invitation by the pastor of one of the churches in the Addition, and that he and such attorney rode out to such meeting in a car together.

We have examined the record as a whole and are of the opinion that no prejudice was shown to have been suffered by appellant by reason of the exclusion of such testimony, and that although the ruling may have been erroneous, it is not reversible. Point 3 is overruled.

Finding no reversible error in the assignments of appellant, the judgment below is, after modification as to interest as directed under point 2,

Affirmed.