**James L. LATIMER et ux., Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 6303.**

Court of Civil Appeals of Texas.

Beaumont.

June 4, 1959.

Rehearing Denied Sept. 30, 1959.

———◆———

Black & Lindsey, Port Arthur, for appellant.

W. G. Walley, Jr., Beaumont, for appellee.

ANDERSON, Chief Justice.

This cause, a condemnation proceeding, is before us on appeal from the county court, at law, of Jefferson County. The appellee has filed motion to dismiss the appeal, setting up that since the appeal was perfected, the appellee tendered to appellants and appellants voluntarily accepted all sums due under the judgment of the lower court. The motion is verified and supported by exhibits, and has not been answered or contested by appellants. We therefore feel justified in accepting as true the allegations made in it. We sustain the motion. The rule is thus stated in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004;

"A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterwards prosecute an appeal therefrom. That is the general rule which

appears to be universally recognized. It was announced by this court in the early case of Matlow v. Cox, 25 Tex. 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that ' * * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * *.' 2 Am.Jur. Appeal and Error, Sec. 215. Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery."

The case at bar is within the rule but not within the exception. Appellants have no legal assurance that upon another trial they would be awarded as much as was awarded by the judgment from which the appeal was taken. Appellee has never conceded and is not bound to concede that it is intrinsically indebted to appellants for as much as was awarded by the judgment. It did not tender any sum of money to appellants until after the judgment was rendered, did not tender any sum of money in court, and did not enter upon and take possession of appellants' land upon the strength of any of the proceedings preceding judgment.

The appeal is accordingly dismissed at the cost of appellants.

### On Motion for Rehearing.

Appellants have seasonably filed two motions seeking reinstatement of their appeal. One is presented under the guise of a motion to set aside the order of dismissal and reinstate the appeal; the other, under the guise of an ordinary motion for rehearing.

No complaint is made that the original opinion did not correctly state the facts of the case, but the motions do make apparent that originally we were under a misapprehension about one matter which we wish to clarify. Payment of the judgment was not made direct to appellants. Instead, the money was paid into the registry of the court, presumably subject to appellants' order, and was from there withdrawn by appellants. We are not advised as to whether appellee entered into possession of the condemned property after paying the money into the court registry, but shall assume that it did.

Appellants argue that under Article 3268, Vernon's Ann.Texas Civ.St., and Article 1, Section 17, of the Constitution, Vernon's Ann.St., they were authorized to withdraw the money and still prosecute their appeal. In support of this contention they cite Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W.2d 93; Housing Authority of City of Dallas v. Dixon, Tex.Civ.App., 250 S.W.2d 636; Crockett v. Housing Authority of City of Dallas, Tex. Civ.App., 274 S.W.2d 187.

The cases are not in point, because in each it was the award of the Commissioners, not the amount awarded by court judgment, that had been accepted. On the other hand, Parks v. Dallas Terminal R. & U. D. Co., 34 Tex.Civ.App. 341, 78 S.W. 533, is in point and adverse to appellants. The case was one in which, having accepted the amount awarded by judgment of the county court, the land owner was held not entitled to writ of error for review of the judgment. As in the case at bar, there had been no prior tender or deposit of the Commissioners' award.

There is no inconsistency in holding that one may accept or appropriate the amount awarded by the Commissioners, but not the amount awarded by county court judgment, without jeopardizing one's right of appeal. As was pointed out in Thomas v. Housing Authority of City of Dallas, supra, authority for prosecuting an appeal after having accepted or appropriated the Commissioners' award is to be found in Article 3268, V.T.C.S., but this is not true of a judgment award. Then, too, upon removal of a condemnation proceeding to county court, the acts of the Commissioners are not, strictly

speaking, under attack or subjected to review, a trial de novo being accorded there. Quite different rules govern when an appeal is perfected from a court judgment.

The fact that Article 3268, V.T.C.S., provides that the judgment of the county court shall not be suspended by or pending an appeal does not alter the situation. If, as appellants claim, the State is thereby authorized to act under the judgment and take their property without first compensating them for it, or without their being at liberty to accept or appropriate the amount of the judgment until after their appeal has been disposed of, the situation is not materially different, in a legal sense, from that which prevails in any case in which the plaintiff is dissatisfied with the amount adjudged to him for property that has been converted by another. Section 17 of Article I of the Constitution does not affect the question; it does not require that the State pay or deposit money to compensate appellants before taking their property.

Both of the motions first above mentioned are overruled.