**John I. BOWLING et ux.**

v.

**STATE of Texas.**

No. 7098.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 5, 1962.

Benjamin Kucera, Lubbock, for appellants.

Steve Hurt, Plainview, for appellee.

DENTON, Chief Justice.

This is a condemnation proceeding appealed from the county court of Hale County, Texas. Appellee has filed a motion to dismiss this appeal. This motion, duly verified, sets out that since this appeal has been perfected the appellee tendered to appellants and appellants have voluntarily accepted all sums due under the judgment of the trial court. This motion has not been answered or contested by appellants. We must therefore proceed on the assumption the allegations therein are true.

The record reflects that the commissioners awarded appellants $23,500.00 and in due time appellants filed their objections to such award. Appellee subsequently deposited this amount into the registry of the court. Upon a trial de novo the jury assessed damages in the amount of $26,000.00. Appellee thereupon deposited an additional $2500.00 into the registry of the court, making the total amount deposited for the benefit of the appellants equal to the judgment award. Since this appeal was perfected appellants have accepted these checks, and photostatic copies of the two checks reflect that appellant John I. Bowling endorsed and cashed these checks on June 5, 1961.

The facts in respect to the withdrawal of funds in the instant case seem to be identical to the facts in the case of Latimer v. State (Civ.App.) 328 S.W.2d 242 (refused n. r. e.). The Beaumont Court of Civil Appeals, in dismissing the appeal, followed the rule pronounced by the Supreme Court in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002. It is well settled that a litigant can not accept the benefits of a judgment and thereafter prosecute an appeal therefrom. As stated on motion for rehearing in the Latimer case, supra, Article 3268 Vernon's Ann.Tex.Civ.St. and cases thereunder allowing an appeal after a landowner has accepted the award of the commissioners are not controlling under the circumstances of the instant case. Here the amount tendered and accepted was the award by the court's judgment.

The appeal is therefore dismissed at the cost of appellants.