**O. Dean COUCH, Jr. D/B/A Couch Mortgage Company, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–84–345 CV.**

Court of Appeals of Texas, Beaumont.

Jan. 31, 1985.

Rehearing Denied Feb. 20, 1985.

Joe H. Reynolds, Reynolds, Allen & Cook, Houston, for appellant.

Alvin K. James, Asst. Atty. Gen., Highway Div., Houston, for appellee.

OPINION ON MOTION TO RECONSIDER

ORDER DISMISSING APPEAL

BROOKSHIRE, Justice.

On September 6, 1983, Appellant withdrew from the trial court registry the sum of $568,657.00 which was the total amount

of the award of the Special Commissioners in this condemnation proceeding.

On June 4, 1984, in accordance with the verdict of the jury, the State was ordered to pay an additional $51,369.00 plus interest thereon from September 1, 1983, until paid. This order was signed by Honorable Ellis A. Oualline, Jr., Judge, County Court at Law # 1, Montgomery County.

Thereafter, on July 10, 1984, the State deposited into the court's registry the sum of $55,829.48 which included interest to date and which sum represented the total, full and complete satisfaction of the judgment. This deposit by the State was approved by Judge Oualline.

Eight days later the Appellant moved to withdraw the entire $55,829.48. The trial judge immediately ordered the county clerk to issue and deliver a check payable to O. Dean Couch, Jr., d/b/a Couch Mortgage Company, for the total amount. The attorney of record for the Appellant acknowledged receipt of a check in the total amount payable to the Appellant. The receipt is dated July 27, 1984. Thereafter, the said check was cashed and negotiated and "credited to the account of the within named payee, The Woodlands National Bank, The Woodlands, Texas".

■ The correct general rule, we perceive, is set out in *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (Tex.1950). At 1004, the court wrote:

"A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court in the early case of *Matlow v. Cox*, 25 Tex. 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that '* * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * *.' 2 Am.Jur., Appeal and Error, Sec. 215. Numerous authorities, approaching the exception

from a slightly different angle, define it, in effect, in this language [language]: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery."

■ Our case is remarkably similar to *Latimer v. State*, 328 S.W.2d 242 (Tex.Civ. App.—Beaumont 1959, writ ref'd n.r.e.) After citing and following *Carle, supra*, the civil appeals court wrote:

"The case at bar is within the rule but not within the exception. Appellants have no legal assurance that upon another trial they would be awarded as much as was awarded by the judgment from which the appeal was taken. Appellee has never conceded and is not bound to concede that it is intrinsically indebted to appellants for as much as was awarded by the judgment...."

We find and hold that *Latimer, supra*, is dispositive of this appeal. We overrule the motion to reconsider order dismissing appeal. We dismiss this appeal as of January 31, 1985.

DISMISSED.

BURGESS, Justice, dissenting.

I respectfully dissent and would re-instate the appeal. The majority perceives the correct general rule to be set out in *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (Tex.1950). I agree, but would hold the exception includes the instant case. The language setting out the exception: "Where an appellant accepts only that which the appellee *concedes*, (emphasis added) or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery."

In this case, the State had taken possession of Couch's property, filed no motion for new trial, and deposited the amount of the judgment into the registry of the court. Couch filed his motion for new trial on June 26, 1984 and his motion to withdraw

funds on July 18, 1984. Both of these instruments put the State on notice he was not satisfied with the jury's award. Couch then filed his cost bond on August 29, 1982, thus perfecting an appeal. The State had until September 2, 1982 to perfect their appeal, *Tex.R.Civ.P. 356.* This they did not do, but filed a motion to dismiss Couch's appeal on October 17, 1984. The State's motion was granted by this court, without oral submission or written opinion, on November 1, 1984. I would hold the actions of the State, in this case, constituted a concession that Couch was due at least the amount under the jury's award and thus the exception set out in *Carle, supra,* would apply.

Were the facts not such, i.e., an exception under *Carle, supra,* I would reach the same result. Unlike my prior brethren in *Latimer v. State,* 328 S.W.2d 242 (Tex.Civ. App.—Beaumont 1959, writ ref'd n.r.e.), I believe there is an "inconsistency in holding that one may accept or appropriate the amount awarded by the commissioners, but not the amount awarded by county court judgment, without jeopardizing one's right of appeal." In each instance, a particular forum has decided the amount of compensation due the landholder. In each instance, the landholder may seek further relief, if dissatisfied. To hold the landholder may accept the benefits at one stage and still proceed, while he may not accept the benefits at the next stage (if he wants to proceed), particularly if the State has dispossessed the landowner, is, in my humble opinion, inconsistent. Not only is this position inconsistent, it is unreasonable and arbitrary, thus violative of the United States and Texas Constitutions.

This dissent is respectfully submitted.