**HARLOW LAND CO., LTD. and Haley Harlow, Sr. or Ruth Harlow, Trustees, Harlow Living Trust, Dated December 30, 1997, Appellants,**

v.

**CITY OF MELISSA, Texas, Appellee.**

No. 05–08–01178–CV.

Court of Appeals of Texas, Dallas.

June 17, 2010.

---

Mark Heidenheimer, Mark Heidenheimer, P.L.L.C., Grady R. Thompson, McWilliams & Thompson, McKinney, TX, for Appellants.

Richard M. Abernathy, McKinney, TX, for Appellee.

Before Justices MOSELEY, BRIDGES, and FILLMORE.

## OPINION

Opinion By Justice MOSELEY.

Appellants Harlow Land Co., Ltd. and Haley Harlow, Sr. or Ruth Harlow, Trustees, Harlow Living Trust, Dated December 30, 1997 challenge the trial court's judgment in this condemnation case. In a motion to dismiss and in its brief, City of Melissa, Texas argues that this case is moot and must be dismissed based on the acceptance-of-benefits doctrine. Appellants responded to this argument in a response to the motion to dismiss and in their briefs. We agree with the City. We dismiss this appeal as moot.

The City sued appellants to acquire certain property for rights-of-way and road improvements. Following a hearing, the special commissioners awarded appellants $144,096. Appellants objected to the award and demanded a jury trial. The City deposited $144,096 into the court's registry. Following the trial court's granting of appellants' motion to withdraw the deposit, the county clerk issued a check to appellants' attorney on September 29, 2006, for $144,046.[1]

Subsequently, the trial court granted summary judgment for the City on appellants' claims related to a tenant dwelling and a mobile home. Issues on market value of the land, a temporary construction easement, and damages to the remainder were tried to a jury. The jury assessed damages of $178,220 for appellants, an amount $34,124 more than the special commissioners awarded.

On August 11, 2008, the City deposited into the court's registry a total amount of $39,256.61, which was the unpaid balance of $34,124 plus interest on that amount. The trial court signed the judgment on August 25, 2008.[2] Appellants filed a notice of appeal on August 26, 2008. Also on August 26, 2008, appellants moved to withdraw the City's additional deposit. On September 4, 2008, the county clerk issued a check to appellants' attorney for $39.206.61.[3] Counsel received the check the following day. However, on October 23, 2008, appellants' counsel returned the funds to the county clerk.

The City contends this appeal is moot because appellants voluntarily and

1. This amount reflected the deduction of a $50 administrative fee.

2. The judgment also ordered that the City have a fee simple title to the described property. Appellants do not challenge that part of the judgment.

3. See *supra* note 1.

intentionally accepted the money owed under the judgment, that is, the benefits of the judgment they appeal. With a narrow exception not applicable here, a party may not voluntarily accept the benefits of a judgment and attack it on appeal at the same time. *Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950). The general rule is based on estoppel. *Id.* (further stating exception that appeal may be taken "where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment"). The appellee has the burden to prove the appellant is estopped by the acceptance-of-benefits doctrine. *L.P.D. v. R.C.*, 959 S.W.2d 728, 731 (Tex.App.-Austin 1998, pet. denied); *see Latimer v. State*, 328 S.W.2d 242, 242 (Tex.Civ.App.-Beaumont 1959, writ ref'd n.r.e.). If the doctrine applies, the appeal is rendered moot, and the proper disposition is dismissal. *Bloom v. Bloom*, 935 S.W.2d 942, 945 (Tex. App.-San Antonio 1996, no writ) (citing *City of Mesquite v. Rawlins*, 399 S.W.2d 162, 164 (Tex.Civ.App.-Tyler 1966, writ ref'd n.r.e.)).

 When a landowner voluntarily accepts all sums due under a trial court's judgment in a condemnation case, the landowner's appeal is rendered moot and must be dismissed. *Couch v. State*, 688 S.W.2d 154, 155 (Tex.App.-Beaumont 1985, writ ref'd n.r.e.); *Bowling v. State*, 353 S.W.2d 893, 893 (Tex.Civ.App.-Amarillo 1962, no writ); *Latimer*, 328 S.W.2d at 242–43. As set out above, appellants' attorney, on their behalf, voluntarily withdrew all sums due under the judgment being appealed. Under the acceptance-of-benefits doctrine, such acts rendered this appeal moot, requiring its dismissal. *See Carle*, 149 Tex. at 472, 234 S.W.2d at 1004; *Bloom*, 935 S.W.2d at 945; *Couch*, 688 S.W.2d at 155; *Rawlins*, 399 S.W.2d at 164; *Bowling*, 353 S.W.2d at 893; *Latimer*, 328 S.W.2d at 242–43.

 Nevertheless, appellants argue the acceptance-of-benefits doctrine does not apply here. They contend that, after this Court's jurisdiction was invoked by filing their notice of appeal, counsel erroneously withdrew funds, but corrected his error by depositing $39,256.61 into the trial court's registry on October 23, 2008.[4] Appellants argue that, by returning the deposit, the parties have an existing controversy, and the appeal is not now moot. For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001). If a controversy ceases to exist, that is, "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," the case becomes moot. *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)); *see Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex.2005). If a case becomes moot, the parties lose standing to maintain their claims, depriving the appellate court of subject matter jurisdiction. *See Williams*, 52 S.W.3d at 184. This appeal became moot, and this Court lost subject matter jurisdiction, when the deposit was withdrawn. *See id.; Rawlins*, 399 S.W.2d at 169 ("an appellate court will

---

4. In support of this argument, appellants attached to their response to the City's motion to dismiss copies of the county clerk's acknowledgment of the receipt of the October 23, 2008 deposit and the receipt. We may consider documents submitted by the parties that are outside of the record for the purpose of determining our own jurisdiction. *See* Tex. Gov't Code Ann. § 22.220(c) (Vernon 2004); *Bloom*, 935 S.W.2d at 946; *see also Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979) (per curiam); *Kenseth v. Dallas County*, 126 S.W.3d 584, 593 (Tex.App.-Dallas 2004, pet. denied).

not retain jurisdiction to decide a case after all the parties litigant settle the case"). Appellants cite no authority supporting their argument that subject matter jurisdiction, once lost, may be re-acquired.

Appellants also argue "the equities giving rise to" this doctrine are not present here because they did not retain the fruits of the judgment while simultaneously contesting the same judgment. Appellants rely on the October 23, 2008 deposit having been made before the reporter's record and all briefs were filed and the appeal was submitted. However, the acceptance-of-benefits doctrine is a "rule" of jurisdiction grounded on constitutional considerations, and appellants cite no authority supporting their argument that this rule is subject to equity considerations. *See Lara,* 52 S.W.3d at 178; *Rawlins,* 399 S.W.2d at 169. Even assuming equity concepts apply, the trial court, rather than the appellate court, is the proper forum to make the necessary factual deter-minations from all the circumstances. It is undisputed that the trial court lost plenary jurisdiction before the October 23, 2008 deposit was made. *See* Tex.R. Civ. P. 329b(d). Therefore, the trial court has lost jurisdiction to make any equitable determinations.

Having rejected appellants' arguments, we grant the City's motion to dismiss and **DISMISS** this appeal as moot. Because dismissal pursuant to the acceptance-of-benefits doctrine is dispositive of this appeal, we need not address appellants' four issues attacking the trial court's decision on the City's motion for summary judgment and certain trial rulings.