

**NUMBER 13-14-00001-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ANTUN DOMIT,** Appellant,

**v.**

**MARIA DOMIT,** Appellee.

---

### On appeal from the 370th District Court of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Justice Longoria

By three issues, appellant Antun Domit ("Antun") challenges the judgment of divorce from appellee Maria Domit ("Maria"). Maria has filed a motion to dismiss the appeal, asserting that we lack jurisdiction. Maria contends that the appeal is moot because Antun has accepted the benefits of the judgment. We grant the motion in part

and dismiss Antun's first two issues as moot. We overrule Antun's third issue and affirm the judgment of the trial court.

## I. BACKGROUND

The parties' community estate included interests in eleven entities that controlled or possessed interests in various real estate developments in the McAllen area. One of these entities was Las Misiones at the Grove Plaza, LP ("Las Misiones, LP"), of which the community estate owned 61.49% of the shares. The decree of divorce awarded to Antun 100% of the community's interest in Las Misiones, LP. The decree awarded to Maria 100% of the community's interest in Las Misiones Apts, L.L.C., the entity which is the general partner in Las Misiones, LP. The decree also ordered Antun to pay $1,875 in child support per month to Maria.

Antun perfected an appeal from the judgment of divorce in which he argues three issues: (1) the trial court erred by failing to file more detailed findings of fact and conclusions of law on the valuation of specific properties in the community estate; (2) the division of the estate was so unfair and unjust as to rise to the level of an abuse of discretion; and (3) the trial court erred by ordering Antun to pay child support without entering any findings or conclusions explaining its reasoning.

After Antun perfected this appeal, he testified in a proceeding involving one of the parties' minor children that he had transferred the entire interest he was awarded in Las Misiones, LP to Patricia Gomez Monroy. Antun and Monroy are now married, but the transfer occurred prior to the marriage. According to Maria, Las Misiones, LP is currently listed for sale for a price of $4,500,000. Antun is listed as the real estate agent handling

2

the sale.[1]

## II. Motion to Dismiss

### A. Applicable Law

Generally, a party who accepts the benefits of a judgment is estopped from challenging the judgment by appealing it. *F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332 (Tex. App.—El Paso 2013, no pet.); *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). As the Texas Supreme Court put it in *Carle v. Carle*, also a divorce case, a "litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950). This doctrine arises frequently in divorce cases where one spouse accepts certain benefits of the judgment but attempts to appeal the remainder of it. *See Waite*, 150 S.W.3d at 803 (collecting cases). The burden is on the appellee to prove that appellant is estopped from appealing the judgment. *See id.*; *see also In re M.A.H.*, 365 S.W.3d 814, 818 (Tex. App.—Dallas 2012, no pet.). If the doctrine applies, the appeal is moot and the appellate court must dismiss for want of jurisdiction. *F.M.G.W.*, 402 S.W.3d at 334 (holding that the acceptance-of-the-benefits doctrine is a "jurisdictional rule"); *Harlow Land Co., Ltd. v. City of Melissa*, 314 S.W.3d 713, 716 (Tex. App.—Dallas 2010, no pet.) (same).

If the appellee successfully demonstrates that the doctrine applies, the burden shifts to the appellant to establish either of two narrow exceptions. *F.M.G.W.*, 402 S.W.3d

---

[1] We take the facts involving the transfer and listing for sale of Las Misiones, LP from the affidavit Maria attached to her motion to dismiss. We may consider documents outside of the appellate record for purposes of determining our own jurisdiction. *See* Tex. Gov't Code Ann. § 22.220(c) (West, Westlaw through 2013 3d C.S.) (providing that an appellate court may consider documents outside of the record "to ascertain matters of fact that are necessary to the proper exercise of its jurisdiction"); *see also Harlow Land Co., Ltd. v. City of Melissa*, 314 S.W.3d 713, 716 n.4 (Tex. App.—Dallas 2010, no pet.) (considering an affidavit attached to a motion to dismiss in a similar case).

3

at 332. The first exception is for circumstances where the acceptance of the benefits is due to financial duress or other economic circumstances. *Id.* The second is for cases where the appellant accepted "only that which appellee concedes, or is bound to concede, to be due him under the judgment." *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002) (citing *Carle*, 234 S.W.2d at 1004); *see Williams v. LifeCare Hosp. of N. Tex., L.P.*, 207 S.W.3d 828, 830 (Tex. App.—Fort Worth 2006, no pet.). This exception is a narrow one that "does not tolerate chance or uncertainty." *Waite*, 150 S.W.3d at 807.

## B. Analysis

Maria's motion to dismiss alleged that Antun accepted the benefits of the divorce judgment by transferring to Monroy the entire interest that he was awarded in Las Misiones, LP. In his response to Maria's motion, Antun does not contest that he accepted the benefits of the judgment, but argues that he accepted only the benefits that Maria is bound to concede are due to him.[2] *See Amaro*, 87 S.W.3d at 544. Antun argues that it is undisputed that he is entitled to at least 50% of the community's interest in Las Misiones, LP, and "the only issue on appeal is whether he should have been awarded '50/50' of the all community/martial properties." However, by his first two issues, Antun requests that this Court declare the judgment of divorce "null and void," require the trial court on remand to issue "detailed findings of fact and conclusions of law valuing all marital and separate property," and to perform a new division of the estate in compliance with section 7.001 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 7.001 (West, Westlaw through 2013 3d C.S.) (providing for a "just and right" division of the martial

---

[2] Antun's reply to Maria's motion to dismiss recites both exceptions and states that Antun "first" argues that he accepted only the benefits of the judgment indisputably due to him. However, Antun does not present any argument regarding the exception for financial duress or other economic circumstances. Therefore, we do not address that exception.

4

estate). While it may be undisputed that Las Misiones, LP was part of the community estate, Antun was awarded 100% of the community estate's 61.49% ownership interest in Las Misiones LP, and transferred all of that interest to Monroy. Antun does not explain why he would unquestionably be entitled to an award of 100% of the community interest in Les Misiones, LP should the trial court perform a new division of property. *See Williams*, 207 S.W.3d at 830; *Waite*, 150 S.W.3d at 807. There is always the possibility the trial court could award the community interest in it differently than before. *See Bloom v. Bloom*, 935 S.W.2d 942, 948 (Tex. App.—San Antonio 1996, no writ) (holding that the appellant could not establish the exception because "she might receive more, she might also receive less" through a new division of property). That is just the sort of "chance or uncertainty" that makes the exception inapplicable. *See Waite*, 150 S.W.3d at 807. We hold that Antun is estopped from challenging the division of property on appeal. *See id.*; *see also Harlow Land Co.,* 314 S.W.3d at 716 (appellants accepted benefit of judgment by withdrawing from court registry the disputed sum that had been awarded to them). We therefore grant the motion to dismiss as to these two issues.

However, we may not grant the motion to dismiss as it relates to appellant's third issue because that issue challenges the trial court's order of child support. An award of child support is a severable portion of a judgment of divorce that can be challenged even if the appellant accepted the benefits of the division of property. *See Roa v. Roa*, 970 S.W.2d 163, 166 (Tex. App.—Fort Worth 1998, no pet.) (holding that the portion of a judgment on "child custody, visitation, and support" are severable issues that may be challenged even by an appellant who accepted the benefits of the property division); *see also Tomsu v. Tomsu*, 381 S.W.3d 715, 717 (Tex. App.—Beaumont 2012, no pet.)

(holding the same, for an award of spousal maintenance and appellate attorneys' fees). We therefore deny the motion to dismiss so far as it relates to Antun's third issue.

### III. CHILD SUPPORT

By his third issue, Antun argues that the trial court erred by requiring Antun to pay $1,875 in child support per month without making any findings of fact in support of its ruling. However, Antun's brief asserts only that the trial court erred by not entering findings and conclusions under section 6.711 of the family code. TEX. FAM. CODE ANN. § 6.711(a) (West, Westlaw through 2013 3d C.S.). Section 6.711 requires that the trial court make findings on the characterization and valuation of the parties' disputed assets and liabilities. *Id.* Section 154.130 governs when the trial court must make findings "in rendering an order of child support." *Id.* § 154.130(a) (West, Westlaw through 2013 3d C.S.). Section 154.130 requires that the trial court make findings in support of an order of child support in three circumstances: (1) if the party files a written request no later than ten days after the date of the hearing; (2) if the party makes an oral request in open court during the hearing; or (3) if the amount of child support ordered by the court varies from the amount computed after applying the percentage guidelines. *Id.* § 154.130.

Antun's motion requesting findings and conclusions of law did not address child support, and its title, a "Motion for Findings of Fact and Conclusions of Law as to Valuation of Properties Only," implies that he did not intend to request findings under section 154.130. Antun does not allege that he made an oral request during the hearing.[3] *See*

---

[3] Antun did not provide a reporter's record except for a brief record documenting the judge's dismissal of the jury because the parties agreed there were no issues for the jury to decide. *See* TEX. R. APP. P. 34.6(b) (providing that the appellant must request the reporter's record in writing). When an appellant does not file a complete reporter's record or comply with the rules for designating a partial reporter's record, we will presume that the omitted record supports the trial court's order. *Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 180 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

*In re M.A.S.*, 233 S.W.3d 915, 922 (Tex. App.—Dallas 2007, pet. denied) (holding the trial court did not abuse its discretion by not making findings in support of child support order where appellant did not file a timely written request or make an oral request during the hearing). Antun also makes no attempt to show that the amount of child support ordered exceeded the guidelines. *See* TEX. FAM. CODE ANN. § 154.130(a)(3). Because Antun did not request findings as to child support and did not attempt to show that the amount awarded is in excess of the guidelines, we conclude the trial court did not abuse its discretion. We overrule Antun's third issue.

## IV. CONCLUSION

We grant Maria's motion in part and dismiss Antun's first and second issues as moot. *See F.M.G.W.*, 402 S.W.3d at 334; *Waite*, 150 S.W.3d at 808. The judgment of the trial court is otherwise affirmed.

NORA L. LONGORIA,
Justice

Delivered and filed the
30th day of October, 2014.

---

We therefore presume that the record would support that Antun did not request findings in support of the child support order.