

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00293-CR

IN RE DONALD AEKINS, RELATOR

ORIGINAL PROCEEDING

October 15, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator Donald Aekins, a Texas prison inmate appearing *pro se,* filed a petition asking the court to issue a writ of mandamus against respondent, the Honorable Brenda Kennedy, judge of the 403rd District Court of Travis County. At our request the State, as real party in interest, filed a response. We will dismiss the case for want of jurisdiction.

Background

At a trial presided over by Judge Kennedy, the jury found Aekins guilty on three counts of sexual assault and sentenced him to fifty-five years' confinement in prison on each count, to run concurrently. *State v. Aekins,* No. D-1-DC-12-904056 (403rd Dist.

Ct., Travis County, Tex. Oct. 25, 2012). The San Antonio Court of Appeals vacated the trial court's judgment under count three and otherwise affirmed the judgment. The Court of Criminal Appeals affirmed the San Antonio court's decision. *Aekins v. State,* No. 04-13-00064-CR, 2013 Tex. App. LEXIS 13694 (Tex. App.—San Antonio Nov. 6, 2013) (mem. op., not designated for publication)*, aff'd,* 447 S.W.3d 270 (Tex. Crim. App. 2014).

Appearing *pro se,* and pursuant to Chapter 64 of the Code of Criminal Procedure, Aekins filed a motion for post-conviction DNA testing in the 403rd District Court. Judge Kennedy denied relief by written order. Aekins appealed the decision to the Third Court of Appeals and the case was transferred to this court by order of the Supreme Court of Texas.[1] The appeal was docketed in this court as case number 07-15-00139-CR and is pending.

Analysis

The present original proceeding concerns post-trial motions Aekins filed in the trial court, following its order under Chapter 64. Specifically, in his petition Aekins seeks our order compelling Judge Kennedy to set for hearing or rule on his motions: (1) to supplement the appellate record; (2) for a free appellate record, and (3) for appointment of appellate counsel. Under issues one and two, the motions concerning the record stem from Aekins' expressed need to review the record of his criminal trial in order to prepare his brief in the appeal of the Chapter 64 order. On our own motion, we obtained the trial court record of Aekins' trial and supplied him a copy, recorded

---

[1] *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

2

electronically on a disk.  As for his third mandamus issue, we have this day issued an order in Aekins' appeal, addressing and resolving his request for appellate counsel.[2]

Because Aekins now possesses the record from *State v. Aekins,* No. D-1-DC-12-904056, and because his request for appointed counsel has been resolved, we find each issue he presented in his petition for mandamus is moot.  A case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Harlow Land Co., Ltd. v. City of Melissa,* 314 S.W.3d 713, 716 (Tex. App.—Dallas 2010, no pet.).  A court lacks subject matter jurisdiction over a case that has become moot.  *Id.*  Aekins' petition for writ of mandamus is accordingly dismissed for want of jurisdiction.

<br>

James T. Campbell
Justice

Do not publish.

---

[2] *Aekins v. State,* No. 07-15-00139-CR (Tex. App.—Amarillo Oct. 15, 2015) (per curiam order) (not designated for publication).

3