COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

GWEN M. ROWLING,                                        No. 08-16-00297-CV

§

            Appellant                            Appeal from the

§

V.                                               41st District Court

§

HARRY H. ROWLING,                               of El Paso County, Texas

§

            Appellee.                            (TC# 2015DCV0770)

§

## **O P I N I O N**

Gwen M. Rowling is appealing from the trial court's order discharging the receiver and ordering disbursement of the sale proceeds. Appellee, Harry H. Rowling, has filed a motion to dismiss the appeal because Appellant accepted the benefits of the trial court's judgment. We grant the motion and dismiss the appeal.

## **FACTUAL SUMMARY**

Appellee, Harry H. Rowling (Harry), filed a suit for partition of real property located in El Paso, Texas. The petition alleged that Harry and Appellant, Gwen M. Rowling (Gwen), each inherited a one-half interest in the property, and he sought the appointment of a receiver to market and sell the real property and its contents, and to distribute the proceeds to the parties in accordance with their ownership interests. Finding that the property is incapable of division, the

trial court granted the request for appointment of a receiver and for sale of the property. The receiver filed a motion for sanctions asserting that Gwen had violated the trial court's order to refrain from threatening the receiver or interfering with her work. Following a hearing, the trial court granted the motion for sanctions and ordered Gwen to pay the sum of $500 to the receiver, and further ordered that the $500 would be deducted from Gwen's share of the proceeds of the sale of real and personal property belonging to the Estate of Vada Rowling. The receiver later filed an application for discharge after the real and personal property was sold. The receiver's accounting and report reflect that the $500 sanctions imposed against Gwen were deducted from her share of the proceeds as provided for by the sanctions order. The trial court entered an order discharging the receiver and ordering her to disburse the sum of $16,799.18 to Gwen as her share of the proceeds. Gwen timely filed her notice of appeal from that order and from the sanctions order.

## ACCEPTANCE-OF-BENEFITS DOCTRINE

Harry has moved to dismiss the appeal on the ground that Gwen accepted the benefits of the trial court's judgment by accepting the sale proceeds distributed to her by the receiver. Gwen is attempting to challenge two orders on appeal, the order discharging the receiver, and the order sanctioning Gwen in the amount of $500 for threatening the receiver. In considering Harry's motion to dismiss, we have considered whether Gwen's acceptance of the sale proceeds would preclude her challenge to the sanctions order. While the sanctions order was entered prior to the order discharging the receiver, the trial court ordered that the $500 sanction would be deducted from Gwen's share of the sale proceeds and paid to the receiver. The $500 sanction is reflected in the documents attached to the receiver's application for discharge, and it is connected directly to the trial court's order discharging the receiver sanction. In other words, if Gwen's challenge

to the sanctions order is sustained, we would be required to also reverse the order discharging the receiver. Consequently, if the acceptance of benefits doctrine applies in this case, it will preclude Gwen's appeal of both orders.

For over 150 years, it has been the rule in Texas that a party who has voluntarily accepted the benefits of a judgment is not permitted to challenge the same judgment on appeal. *See Kramer v. Kastleman*, --- S.W.3d ---, 2017 WL 382421, at *4 (Tex. January 27, 2017); *Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950); *F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332-34 (Tex.App.--El Paso 2013, no pet.); *Richards v. Richards*, 371 S.W.3d 412, 414 (Tex.App.--Houston [1st Dist.] 2012, no pet.)(opn. on reh'g); *Harlow Land Company, Ltd. v. City of Melissa*, 314 S.W.3d 713, 716 (Tex.App.--Dallas 2010, no pet.). This rule is generally referred to as the acceptance of benefits doctrine and it is based on estoppel. *See Kramer*, --- S.W.3d ---, 2017 WL 382421, at *4; *Harlow Land Company*, 314 S.W.3d at 716. Further, the doctrine is anchored in equity. *Kramer*, --- S.W.3d ---, 2017 WL 382421, at *4. The Supreme Court observed the following in *Kramer*:

> Conceptually, the doctrine infers an agreement to terminate the litigation because the judgment has been voluntarily paid and accepted, or implies a waiver, release of errors, or admission that the decree is valid. The doctrine's equitable objective of precluding an appeal when a litigant's actions are inconsistent with a claim of error furthers finality, preserves scarce judicial resources, and guards against gamesmanship.

*Kramer*, --- S.W.3d ---, 2017 WL 382421, at *5.

The burden of proving an estoppel rests on the party asserting it, and the failure to prove all essential elements is fatal. *Kramer*, --- S.W.3d ---, 2017 WL 382421, at *4. When the doctrine applies, the appeal is rendered moot and it is must be dismissed. *F.M.G.W.*, 402 S.W.3d at 332; *Harlow Land Company*, 314 S.W.3d at 716.

As the jurisprudence related to the acceptance-of-benefits doctrine has developed, courts have identified exceptions to its application, including the economic necessity exception. *See Kramer*, --- S.W.3d ---, 2017 WL 382421, at *9-*10. Under the economic-necessity exception, acceptance is not voluntary if made under financial duress, which exists when the appellant otherwise lacked sufficient funds to provide the necessities of life. *Kramer*, --- S.W.3d ---, 2017 WL 382421, at *10. The Supreme Court emphasized that this is not a true exception because rather than excusing a voluntary acceptance, it recognizes that the acceptance-of-benefits doctrine simply does not apply when acceptance is involuntary. *Id.*

Harry has presented uncontested evidence that Gwen accepted the sale proceeds in the amount of $16,799.18. This disbursement was made pursuant to the trial court's order discharging the receiver. Thus, Harry has shown that Gwen accepted the benefits of the judgment, but Gwen asserts that she did so due to economic necessity.

In assessing whether Gwen's acceptance of the sale proceeds was involuntary because she otherwise lacked sufficient funds to provide the necessities of life, we have considered Gwen's affidavit attached to her response as well as her affidavit filed in connection with her request to proceed without payment of costs on appeal. Gwen asserts that she has not been regularly employed since 2001, and she does not receive unemployment benefits, alimony, or social security income. The affidavit indicates that Gwen has performed some type of contract work in the past, but it does not provide any information about the nature of her work. The last income Gwen received from her contract work was $150 in January 2012. The affidavit does not provide any information regarding any other sources of income, investments, or cash on hand. Gwen's affidavit lists only two assets, a 1995 Mazda vehicle and a home located in Austin, Texas. Gwen states that she owns a one-half interest in the home, and she is currently living in

it.  The other owner of the home moved out in 2001.  The mortgage is $1,148.32 per month, and Gwen used the sale proceeds, which she received in early October 2016, to make the mortgage payment for October 2016, and to pre-pay the mortgage payments for November 2016, December 2016, and January 2017.[1]  Gwen's affidavit also reflects that there is an IRS lien on the home in the amount of $28,100.99.  According to Gwen's affidavit, her monthly expenses are approximately:  $320 for utilities, $62 for phone, $61 for car insurance, and a credit card payment in the amount of $400.  Gwen states that she has been using her credit card to pay for food and utilities resulting in a credit card balance of more than $13,000.

The financial information provided by Gwen is incomplete because it fails to include her monthly income and sources of income.  Consequently, Gwen's affidavits do not explain how she has been able to pay her mortgage and credit card payment with no income since January 2012.  The evidence does not permit a conclusion that Gwen accepted the sale proceeds because she otherwise lacked sufficient funds to provide the necessities of life.  Finding that Gwen voluntarily accepted the benefits of the judgment, we grant Harry's motion and dismiss the appeal.  All pending motions are denied as moot.

February 17, 2017

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

---

[1] Gwen deposited the check sometime between October 4 and October 12, 2016.