**Dismissed and Opinion Filed March 11, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-20-00068-CV
_____

### IN RE TADARRIAN JOHNSON, Relator

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-55949-R & F11-58573-R**

## OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Partida-Kipness

In this original proceeding, relator TaDarrian Johnson seeks a writ of mandamus compelling the trial court to rule on a "Motion For Nunc Pro Tunc" relator filed seeking to delete fines and fees from the clerk's bill of costs. The trial court's online docket sheet shows the trial court denied relator's motion by order entered on March 28, 2019.[1] A case becomes moot if "the issues presented are no

---

[1] An appellate court has the discretion to take judicial notice of adjudicative facts that are matters of public record on its own motion. *See* TEX. R. EVID. 201(b); *In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex. App.—El Paso 2014, pet. denied). Generally, appellate courts take judicial notice of facts outside the record only to determine jurisdiction or to resolve matters ancillary to decisions which are mandated by law. *SEI Bus. Sys., Inc. v. Bank One Texas, N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ); *see Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). For example, "[I]t is appropriate to take judicial notice of the official record to determine the current status of the underlying case." *In re Ramirez*, No. 08-15-00270-CV, 2015 WL 6768739, at *1, n.1 (Tex. App.—El Paso Nov. 5,

longer live or the parties lack a legally cognizable interest in the outcome." *Harlow Land Co., Ltd. v. City of Melissa*, 314 S.W.3d 713, 716 (Tex. App.—Dallas 2010, no pet.). A court lacks subject-matter jurisdiction over a case that has become moot. *Id.*

Because relator has received the relief requested in his petition, his petition is now moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (relief sought in mandamus proceeding became moot when relator obtained information sought in petition from district clerk). Accordingly, we dismiss relator's petition for writ of mandamus. *See id.*; *see also In re Evans*, 581 S.W.3d 431, 434 (Tex. App.—Texarkana 2019, orig. proceeding) (dismissing petition for writ of mandamus because matter had become moot).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200068F.P05

---

2015, orig. proceeding) (mem. op.). Here, we take judicial notice of the trial court's online docket sheets in cause numbers F08-55949-R and F11-58573-R. *See Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 853 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (taking judicial notice of publicly accessible court docket sheets); *see also In re De Leon*, No. 04-05-00057-CV, 2005 WL 291440, at *1 (Tex. App.—San Antonio Feb. 9, 2005, orig. proceeding) (mem. op.) (taking judicial notice of docket sheets from underlying proceedings).