

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00128-CV

---

In the Estate of Sally Hood Coyle, Deceased

---

On Appeal from the County Court at Law
Medina County, Texas
Trial Court No. 9856A

---

## MEMORANDUM OPINION[1]

In two issues, Appellant challenges the trial court's grant of summary judgment against her and its evidentiary rulings in the underlying will contest between her and Appellee, the executor of her mother's will. For the reasons that follow, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns the estate of Sally Hood Coyle. Coyle died on July 23, 2022, at the age of 68 and was survived by her two daughters, Appellant Lisa E. Haukom and Sarah Jane Yi.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

Appellee Lloyd E. Ross, Jr., who was Coyle's partner and caretaker, later became the executor of her estate.

Before Coyle's death, Haukom and Yi had concerns about Coyle's condition and Ross's treatment of her. During an August 3, 2019 phone call, Coyle told her daughters that Ross was abusing her, including depriving her of water, that she wanted to leave him, and that she wanted to contact her attorney to change her estate planning documents. According to Haukom, Ross allegedly isolated Coyle from family and friends and prevented access to her medical care.

After Coyle's death on July 23, 2022, Ross applied to probate her will in the County Court at Law of Medina County, Texas. The trial court admitted the will to probate and appointed Ross executor of Coyle's estate. Ross and Haukom were both beneficiaries under the will. The will left the majority of Coyle's estate to Ross, including four real properties, funds from her financial accounts and policies, all vehicles, and all personal property, except for minor bequests to others. As for Haukom, she was entitled to $50,000 and a china set under the will.

According to Haukom, Ross sent her a letter on March 3, 2023, stating that he was ready to distribute the assets of Coyle's estate and informing her that she was entitled to $50,000 and a china set. Ross also enclosed a "Receipt and Release" and directed Haukom to sign it before he would send her the $50,000 check. The Receipt and Release contained a provision releasing Ross from liability for his management of the estate as executor. Haukom objected to this provision, and her attorney and Ross's attorney exchanged emails over the months that followed regarding the language of the Receipt and Release. Haukom executed the Receipt and Release on July 4, 2023, after what Haukom described as Ross's threatening conduct and his conditioning delivery of her benefits under the will on execution of the Receipt and Release.

Haukom later discovered evidence that she claims indicated Coyle lacked testamentary capacity and that Ross exerted undue influence over her, including unknown medical diagnoses and the audio recording of the August 3, 2019 phone call. Haukom filed suit against Ross on August 14, 2024, contesting the will on grounds of lack of capacity and undue influence. Ross generally denied the allegations and filed a traditional motion for summary judgment, asserting as an affirmative defense that Haukom lacked standing to contest the will based on her acceptance of benefits under it. In response, Haukom argued she did not voluntarily accept the benefits, did not accept them with full knowledge of facts surrounding the will's execution, and that equity barred summary judgment. She attached her declaration and six supporting exhibits. Ross filed a reply and objections to Haukom's declaration and exhibits.

After hearing argument, the trial court reset the summary judgment hearing and granted Haukom leave to file a written response to Ross's objections limited to addressing "matter as to form only." Haukom then filed an amended declaration with additional exhibits. Her summary judgment evidence included her declaration, witness statements, text messages, legal documents, medical records, the letter from Ross and the enclosed Receipt and Release, and the transcript of the August 3, 2019 phone call. Ross objected to the evidence on grounds of untimely production, failure to disclose witnesses, lack of authentication, improper hearsay, and that Haukom's declaration contained legal and factual conclusions from an interested witness.

The trial court heard the summary judgment motion and the parties' arguments regarding the evidentiary objections and signed its Order on Defendant's Objections to the Amended Declaration of Lisa Haukom, sustaining some objections and overruling others. A few days later, the trial court signed its Order Granting Defendant's Motion for Traditional Summary Judgment. This appeal followed.

3

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A beneficiary in a will contest "does not seek to enforce the terms of the will; she charges that the will in invalid." *Estate of Johnson*, 631 S.W.3d 56, 64 (Tex. 2021). Under the Texas Estates Code, "a person interested is an estate" may contest it in probate court. Tex. Est. Code § 55.001 ("A person interested in an estate may, at any time before the court decides an issue in a [probate] proceeding, file written opposition regarding the issue."). Whether a person has standing to contest a will is a threshold consideration for a probate court. *Johnson*, 631 S.W.3d at 60. Once the contestant establishes her interest in the estate, the burden shifts to the will's proponent to produce evidence of an affirmative defense that precludes the contestant from proceeding with her claim. *Id*. at 60–61.

The acceptance-of-benefits doctrine is an affirmative defense based on estoppel and bars a party from contesting the validity of a will while enjoying its benefits. *Id*. at 61; *see Rowling v. Rowling*, 528 S.W.3d 116, 117–18 (Tex. App.—El Paso 2017, no pet.). "Equity does not permit the beneficiary of a will to grasp benefits under the will with one hand while attempting to nullify it with the other." *Johnson*, 631 S.W.3d at 61. The doctrine requires that a beneficiary voluntarily accept benefits under the will. *Id.* at 65. It is the will's proponent who bears the burden to establish that the contestant voluntarily accepted the benefits. *Id*. at 61. Absent any evidence rebutting the doctrine, competent evidence showing acceptance of benefits under the will bars the contestant from reaching the merits of her claim. *Id*. A contestant may rebut the doctrine by showing she did not voluntarily accept the benefits. *Id*.

To prevail on a traditional summary judgment motion, the movant must show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). We

4

view the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). Once the movant produces sufficient evidence to establish entitlement to summary judgment as a matter of law on each element, the burden shifts to the nonmovant to produce evidence raising a genuine issue of material fact to defeat summary judgment. *Van v. Peña*, 990 S.W.2d 751, 753 (Tex. 1999). A genuine issue of material fact exists when more than a scintilla of evidence is produced. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id*. at 601. Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any theory presented to the trial court and preserved for appellate review is meritorious. *Provident Life*, 128 S.W.3d at 216.

We review a summary judgment in a will contest de novo, just as in any other case. *Estate of Grogan*, 595 S.W.3d 807, 812 (Tex. App.—Texarkana 2020, no pet.). Our review also encompasses the trial court's evidentiary rulings, which we assess for an abuse of discretion. *Nat'l Liab. & Fire Ins. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000).

## III. ANALYSIS

### A. The trial court's summary judgment ruling

In her first issue, Haukom argues the trial court erred by granting summary judgment because she produced "competent summary judgment evidence raising genuine fact issues regarding key exceptions to the acceptance of benefits doctrine under *Estate of Johnson*—

voluntariness and lack of knowledge." Ross responds that Haukom failed to satisfy her burden because "[t]here is no competent summary judgment evidence produced by [Haukom] to create a fact issue on her conclusory allegations that her acceptance of the items bequeathed to her was involuntary[,]" or "that she lacked knowledge of material facts at the time of the acceptance of the items bequeathed to her under the will." We disagree.

Haukom contends that her acceptance of benefits under the will was involuntary because it "was expressly conditioned on her signing a Receipt and Release form, which improperly released [Ross] from any liability as Independent Executor" and which "violated Texas law and his fiduciary duties." She relies on her amended declaration.[2] In that declaration, Haukom states that after Ross probated the will, he, through his attorney, sent her a letter stating she was entitled to $50,000 and a china set. The declaration further states that the letter enclosed a copy of a $50,000 check and a Receipt and Release to be signed and returned before Ross would forward the original check. The Receipt and Release, admitted as summary judgment evidence, and to which Ross did not object, states:

> A copy of [the check], from the Estate of SALLY HOOD COYLE, Deceased, in the amount of $50,000.00 is enclosed. Upon receipt of the original of said check, and the [china set], I agree and confirm that I am not due any further funds or assets of this Estate.
> This is also a RELEASE of LLOYD E. ROSS, JR., Executor of the Estate of SALLY HOOD COYLE, Deceased, of any liability as to his management of this Estate.

Haukom asserts that through her attorney, she objected to the inclusion of the release of liability provision. On March 15, 2023, her attorney emailed Ross's attorney objecting to the provision:

> Mr. Bain: I have had an opportunity to speak with Ms. Haukom on the Receipt and Release issues. And I have also received information about Sarah Yi's

---

[2] Haukom's unsworn amended declaration contains the statutorily required jurat stating her full name, date of birth, address, and "declare[s] under penalty of perjury that the foregoing is true and correct." *See* Tex. Civ. Prac. & Rem. Code § 132.001(c)(1), (2) (requiring an unsworn declaration to "be in writing" and "subscribed by the person making the declaration as true under penalty of perjury").

circumstances relating to the Receipt and Release. The Receipt and Release document you prepared provided a general release of Lloyd E. Ross, Jr. "of any liability as to his management of the Estate." That language is not acceptable to Ms. Haukom or Ms. Yi. Section 405.002(b) of the Texas Probate Code provides: "An independent executor may not require a waiver or release from the distributee as a condition of delivery of property to a distributee". Ms. Haukom and [Ms. Yi] want that language removed . . . So, I think we can work on the language to satisfy Ms. Haukom and Ms. Yi. But, they will not provide Mr. Ross a general release in return for the property bequested to them by Ms. Coyle.

A few months later in May, the attorneys exchanged the following correspondence:

- May 5, 2023, from Haukom's attorney to Ross's:

Cecil: I am preparing the suggested modifications for review by Lisa Haukom and the other persons involved. We still have a problem with the notary requirement: Lisa and her sister will not be present at the exchange as they live outside of Texas. Texas and I believe most states forbid the [] execution of any certificate containing a statement known by the notary public to be false. Ms. Haukom and the others do not want to provide a statement to the notary that they have received property before they have received it. This was the problem confronted by Ms. Yi. May I suggest that we initially go with the documents without a notary, but once Mr. Jellerson receives the property, I will obtain a notarized version of the documents from all involved and send them to you. Another suggestion: we can just have the notary attest to the release language rather than the receipt of property. Let me know your position on this and any suggestions you may have. Thank you for your consideration.

- May 8, 2023, Ross's attorney's response:

Mr. Green: We are again disappointed that your clients and/or you have changed your minds again about this distribution. See Section 405.002 Texas Estate[s] Code. Or we can deliver the property to the distributees in the courtroom at a distribution hearing in the Medina County Courthouse.

Haukom ultimately signed the Receipt and Release a few months later in July. Her declaration states:

11. . . . Mr. Bain made it clear to Carl Green, my attorney at the time, that I could either sign the Receipt and Release, return it, or I would receive nothing from Sally's Estate. Signature and return of the Receipt and Release was a forced condition of delivery of the check and china. After months of attempting to negotiate the language in the originally proposed Receipt and Release, it became clear that Mr. Bain and Lloyd would not remove the release of liability language. Finally, Mr. Bain threatened to take me to court if I did not sign and

7

return the Receipt and Release. Based on this forced elective, I signed and returned the Receipt and Release on July 4, 2023.[3]

Attached as Haukom's evidence in opposition of summary judgment was the executed Receipt Release and the emails between the attorneys.[4]

Texas Estates Code 405.002(b) provides that "[a]n independent executor may not require a waiver of release from the distributee as a condition of delivery of property to a distribute." Tex. Est. Code. § 405.002(b). Haukom complains of the violation of the Estates Code and Ross's conduct, arguing that "such coercive tactics directly undermine any claim that [her] acceptance of benefits was voluntary." Ross responds that Haukom's arguments concerning the Receipt and Release are "irrelevant" and "unsupported" because her own summary judgment evidence shows that she was represented by counsel before accepting the benefits, her attorney negotiated with his attorney, and his attorney offered to set a distribution hearing if requested. However, our role at this juncture is not to determine the weight of the evidence, but instead, whether a genuine issue of material fact existed as to whether Haukom's acceptance of benefits was voluntary. *See Hall v. F.A. Halamicek Enters., Inc.*, 669 S.W.2d 368, 371 (Tex. App.—Corpus Christi 1984, no writ) ("The trial court is not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits and other summary judgment proof. The only question is whether or not an issue of material fact is presented."). Because the parties advance competing interpretations of the Receipt and Release and the effect of the email exchanges between their attorneys, and because the record contains evidence supporting both readings, the issue cannot be resolved as a matter of law on this record. We find that Haukom's amended declaration,

---

[3] Ross objected to this paragraph and moved for the trial court to strike it on grounds that it included legal conclusions and factual conclusions from an interested witness. The trial court overruled Ross's objections.

[4] Ross did not object to these exhibits.

the release of liability provision in the Receipt and Release, and the objections raised in the email exchanges, collectively create a fact issue. Taken together, the summary judgment record is sufficient that reasonable and fair-minded jurors could differ in their conclusions as to whether acceptance was voluntary. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) ("An appellate court reviewing a summary judgment must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented.").

We also recognize that the Texas Supreme Court has stated that case law suggests a contestant "*may* overcome an acceptance-of-benefits defense by returning the benefit." *Johnson*, 631 S.W.3d at 61 n.17 (emphasis added); s*ee Trevino v. Turcotte*, 564 S.W.2d 682, 686 (Tex. 1978) (considering whether a beneficiary "returned or tendered a return" of accepted benefits as part of determining whether beneficiary's acceptance was voluntary). Although it is undisputed that Haukom has not returned the benefits, that fact is not dispositive, and a fact issue nevertheless remains as to whether her acceptance was voluntary. *Cf. Johnson*, 631 S.W.3d at 65 (considering that beneficiary "did not attempt to return the mutual fund account to the estate *or assert in this case that her acceptance of the account was involuntary.*") (emphasis added). Haukom has asserted that her acceptance was involuntary, and that issue remains in dispute.

Haukom also argues that at the time she signed the Receipt and Release, "she was unaware of material facts regarding her mother's mental state and the extent of [Ross's] abuse and undue influence." In her response opposing summary judgment, Haukom alleged that after she filed suit to contest the will, she learned through discovery about her mother's diagnoses, her mother's desire to remove Ross from her care, and of Ross's legal scheme to isolate Coyle from her loved

ones and change her estate plan to his benefit.[5] She states in her declaration that she was denied access to her mother's health information after August 2019, and that before signing the Receipt and Release, she did not know her mother had been diagnosed with vascular dementia in August 2019. She further states in her declaration that on June 11, 2024—after she signed the Receipt and Release and accepted the benefits—her sister discovered the August 3, 2019 audio recording of her mother detailing Ross's abuse, which Haukom believed she needed in order to contest the will.

The recording is of a phone call between Coyle and her daughters—including Haukom—and reveals that Coyle intended to change her estate plans to exclude Ross, reported being abused by Ross, and expressed fear of him. The transcript of this recording was included as summary judgment evidence.[6] In the transcript, Coyle states that Ross was "denying [her] water" because she would "wet the bed" and that Ross had "cut the water off in the house." Coyle also states that he was verbally and emotionally abusive towards her and monitored her calls and text messages. Coyle pleaded to her daughters, "You guys get me out of this mess. It's driving me crazy." Coyle also discussed wanting to change her estate plans to exclude Ross.

Though Coyle's allegations of Ross's treatment of her are deeply disturbing, Haukom participated in this phone call—a fact she acknowledges in her declaration. Haukom's declaration and the phone call transcript reflect that she was aware of these circumstances before signing the Receipt and Release and accepting the benefits under the will. Haukom further states in her declaration that in August 2019, Ross had "strategically arranged" for a new attorney to execute new estate planning documents that revoked Haukom and her sister's appointments as durable and

---

[5] In support, Haukom produced hundreds of pages of legal documents, text messages, medical records, and declarations—Plaintiff's Exhibits 1, 2, 4, 5, and 7—to which Ross lodged multiple objections as to each on grounds of untimely production, failure to disclose witnesses, unauthentication, and improper hearsay. The trial court sustained Ross's objections as to these exhibits.

[6] Ross objected to the transcript of the recording on grounds that it was not timely produced and lacked authentication. The trial court overruled these objections.

medical powers of attorney and as guardians and appointed himself. She also states that before signing the Receipt and Release and accepting the benefits, her mother's prior attorney had "expressed numerous concerns . . . regarding [Ross's] undue influence over [Coyle] and his abusive behavior, which she believed impacted [her] mother's decision regarding the disposition of her property and assets." Haukom additionally provides that she and her sister made multiple reports to authorities and that, in response, Ross sent multiple cease and desist letters, which Haukom alleged further isolated Coyle from others. We cannot conclude that a fact issue exists as to whether Haukom lacked material facts of the circumstances at the time of acceptance.

Viewing the summary judgment evidence in the light most favorable to Haukom, as we are required to do, we conclude Ross did not conclusively establish Haukom's voluntary acceptance. Instead, the summary judgment record creates a genuine issue of material fact on whether Haukom's acceptance was voluntary. *Goodyear Tire*, 236 S.W.3d at 756 ("An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion."). Accordingly, the trial court erred in granting summary judgment. Issue One is sustained.

### B. The trial court's evidentiary rulings

In her second issue, Haukom challenges the trial court's exclusion of summary judgment evidence. We begin by noting that although Haukom asserts that "[t]he trial court abused its discretion by excluding exhibits attached to [her] Amended Declaration—evidence it had previously granted her leave to file in response to [Ross's] objections[,]" the trial court's order granting leave was narrow and allowed Haukom "to file and serve a response . . . *limited to addressing matter as to form only*[.]"

However, we do not reach the merits of this issue because Haukom did not adequately brief it. Texas Rule of Appellate Procedure 38.1(i) requires that a "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Although reviewing courts construe briefing requirements reasonably and liberally, a party asserting error on appeal must still provide specific argument and analysis showing that the record and the law support the claimed error. *In re A.B.*, 646 S.W.3d 83, 96 (Tex. App.—Texarkana 2022, pet. denied). "Bare assertions of error, without argument or authority, waive error." *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.).

Haukom states that Ross "asserted objections to Exhibits 1, 2, 4, 5, 7, and 8, arguing they were untimely under Texas Rule of Civil Procedure 193.6, not served at fourteen days before the hearing in violation of Texas Rule of Evidence 902(10)(a), lacked predicate, or inadmissible hearsay." In arguing that "[t]he trial court abused its discretion by excluding some of [her] evidence," Haukom generally refers to "exhibits," "evidence that was supplemented," and "the supporting exhibits."[7] Ross lodged the following objections to Haukom's summary judgment evidence: untimely production to Plaintiff's Exhibits 1, 2, 4, 5, 7, and 8; failure to disclose

_____

[7] In her alternative argument, Haukom contends that "the exhibits fell within both the good-cause and no-unfair-surprise exceptions under Rule 193.6(a)(1)–(2)" and includes a table listing Exhibits 1, 2, 4, 5 and 7 with the trial court's ruling of "SUSTAINED" as to each. But multiple objections were made to each exhibit, the trial court sustained several objections on different grounds, and Haukom does not identify which specific objections she claims were sustained. She further argues that "many of the exhibits . . . were already in [Ross's] possession, had been produced by him, or involved communications he or his attorney authored[,]" but again fails to specify which exhibits. Even assuming she intended to challenge rulings as to Exhibits 1, 2, 4, 5 and 7, we again emphasize that multiple objections were made to each exhibit, and she does not identify which specific rulings she complains of, or provide grounds, analysis, or legal authority in support. Without identification of the specific exhibits and challenged rulings, she has waived her argument. As a reviewing court, we have no duty to brief issues for an appellant or search the record without guidance from an appellant. *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446 (Tex. App.—Fort Worth 2023, pet. denied) ("The appellate court has no duty to brief issues for an appellant."); *Mullendore v. Muehlstein*, 441 S.W.3d 426, 430 (Tex. App.—El Paso 2014, pet. denied) ("We construe the Rules of Appellate Procedure liberally, but an appellate court has no duty to search the record without guidance from an appellant to determine whether its assertion of reversible error is valid.").

witnesses to Plaintiff's Exhibits 4 and 7; lack of authentication to Plaintiff's Exhibits 1, 4, and 8; and improper hearsay to Plaintiff's Exhibits 2 and 5. Ross also objected to paragraphs 3, 4, 6, 7, 11, 12, 15–18 in Haukom's declaration. The trial court made 25 evidentiary rulings in its order.

Haukom does not state which exhibits she challenges, identify which rulings she challenges on appeal, specify the objections or the grounds made to each exhibit, or explain or provide analysis as to how the trial court abused its discretion in sustaining the objections. Nor does she provide applicable legal authority in support. Haukom has not complied with the briefing rules to adequately brief her complaints. Accordingly, she has presented nothing for our review. *See* Tex. R. App. P. 38.1(f); *see Day v. Fed'n of State Med. Boards of the United States, Inc*., 579 S.W.3d 810, 826 (Tex. App.—San Antonio 2019, pet. denied) ("Without the required analysis and citation to legal authorities, an appellant's brief presents nothing for appellate review."). Issue Two is overruled.

## IV. CONCLUSION

Having found that a genuine issue of material fact exists as to whether Haukom's acceptance of the benefits under the will was voluntary, we reverse the trial court's grant of summary judgment and remand to the trial court for further proceedings consistent with this opinion.

MARIA SALAS MENDOZA, Chief Justice

May 13, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.
Soto, J., dissenting

13